## SABINAL NAT. BANK v. BRYANT et al. (No. 5772.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 17, 1917. Rehearing Denied Feb. 14, 1917.)

BANKRUPTCY ☞421(1)—DISCHARGE— "PROVABLE DEBT."

Where a debtor had deposited in a bank as security a note, executed by another and payable to him, the collection and appropriation by him of a certain sum due on the note gave rise to a debt to the bank, which, being fixed in amount and founded on an implied contract to pay over such moneys as collected, was discharged by the debtor's bankruptcy as a "provable debt," as defined in section 63 of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 562 [U. S. Comp. St. 1913, § 9647]).

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 772; Dec. Dig. ☞421(1).

For other definitions, see Words and Phrases, First and Second Series, Provable Debt.]

Appeal from District Court, Uvalde County; R. H. Burney, Judge.

Action by the Sabinal National Bank against Albert Bryant and others. From judgment for defendants, plaintiff appeals. Affirmed.

L. Old, of Uvalde, and H. C. King, of Sabinal, for appellant. Jno. W. Hill, of Uvalde, and J. F. Carl, Geo. C. Clifton, and P. H. Swearingen, Jr., all of San Antonio, for appellees.

FLY, C. J. Appellant instituted suit against Albert Bryant, Sr., A. J. Kessler, and O. B. Kessler to recover certain money alleged to be due it. At the trial appellant agreed that judgment be rendered in favor of Bryant and A. J. Kessler, and the court rendered judgment in favor of O. B. Kessler because of his discharge in bankruptcy.

According to the testimony of appellant, O. B. Kessler, who will be called appellee, was indebted to appellant in the sum of $4,000, evidenced by a promissory note; that appellee deposited with appellant two promissory notes for respectively $800 and $700 as collateral security, said notes having been executed by Bryant. After depositing the notes with appellant, appellee collected $500 on the $700 note and appropriated it to his own use and benefit. He then, at his own request, was declared a bankrupt, and appellant filed his claim for $4,000 with the referee, but made no mention of the two notes left as collateral security. Neither were they returned as assets of appellee. He was afterwards duly discharged from bankruptcy. Appellee swore, and it was not contradicted, that he credited Bryant's account in his store with the $500 collected by him. Appellee was discharged from bankruptcy on October 27, 1913. Appellee never let appellant know that he had collected $500 from Bryant. Appellant admitted on the trial that the two notes held by it as collateral security were barred by limitation, and it sought a recovery against appellee on the ground that he had fraudulently appropriated the $500, and consequently the discharge in bankruptcy did not discharge that debt.

Appellee, in his answer, admitted the collection and appropriation of the proceeds of the $700, and that he turned such proceeds into the bankrupt court as part of his assets. The whole of the testimony showed that he only collected $500 of the $700 due on the note. Roy J. Davenport, cashier and witness for appellant, did not claim in his testimony that appellee had collected more than $500, and appellee swore that he had collected only $500. That testimony contradicted the written plea, and it seems that the court accepted the testimony of the witness rather than the pleading. Let it be admitted, however, that the pleading controlled, and that the judge erred, as claimed in the first assignment of error, in finding that only $500 was collected; still appellant is in no better position because the whole matter hinges on whether appellee was discharged from the debt or not.

We do not doubt that the debt was a provable one because it was a fixed sum of money which was converted, and not of such an uncertain nature that proof would be required to ascertain the damages. The debt for the money collected was fixed, determined, settled, and absolutely owing, without any condition or incumbrance. The claim is founded upon an implied contract of appellee to pay over any money that he might collect on the $700 note to appellant. Section 63, p. 3447, U. S. Comp. Stats. of 1901.

In the case of Crawford v. Burke, 195 U. S. 176, 25 Sup. Ct. 9, 49 L. Ed. 147, the Supreme Court of the United States held that in a case of conversion the account was provable and consequently the discharge in bankruptcy was a discharge of the debt. The court also said:

"It is entirely clear that under this section a discharge was not denied to the bankrupt by reason of debts fraudulently contracted, but only to such as were created by his defalcation as an officer, or while acting in a fiduciary capacity."

The principles enunciated in the Crawford-Burke Case were reiterated in the case of Tindle v. Birkett, 205 U. S. 184, 27 Sup. Ct. 493, 51 L. Ed. 762. The same principles have been enunciated in Shoe Co. v. Laird Co., 212 U. S. 445, 29 Sup. Ct. 332, 53 L. Ed. 591; Clarke v. Rogers, 228 U. S. 534, 33 Sup. Ct. 587, 57 L. Ed. 953, and Michelin Tire Co. v. Hearn, 188 S. W. 943.

As stated in Williams v. U. S. F. & G. Co., 236 U. S. 549, 35 Sup. Ct. 289, 59 L. Ed. 713:

"Within the intendment of the law provable debts include all liabilities of the bankrupt founded on contract, express or implied, which at the time of the bankruptcy were fixed in amount or susceptible of liquidation."

It is clear that the claim for the $500 against appellee grew out of an implied contract to pay over the money collected by him on his note deposited by him as collateral security to appellant, and it was certainly fixed in amount.

The judgment is affirmed.