### SABINAL NAT. BANK v. BRYANT et al.
(No. 128–3015.)

(Commission of Appeals of Texas, Section B. May 19, 1920.)

1. **Partnership** ⬒174—**Partners individually responsible for torts by firm.**

Partners are individually responsible for torts by a firm when acting within the general scope of its business, whether they personally participate therein or not.

2. **Bankruptcy** ⬒424—**Bankrupt not released from liability for conversion of proceeds of note held as collateral by another; "willful and malicious injury to property."**

Unauthorized sale of mortgaged chattels by mortgagee and payee of notes secured thereby, held by another as collateral, and the appropriation of the avails without the knowledge of the holder of the note, is a "willful and malicious injury to property" within the meaning of Bankruptcy Act, § 17, as amended by Act Feb. 5, 1903 (Comp. St. § 9601), providing that a discharge in bankruptcy shall not release the bankrupt from liability for willful and malicious injuries to the person or property of another.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Willful and Malicious Injury.]

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Suit by the Sabinal National Bank against Albert Bryant, Sr., and others. There was a judgment for the defendants, which was affirmed on appeal to the Court of Civil Appeals (191 S. W. 1179), and the plaintiff brings error. Reversed and rendered.

L. Old, of Uvalde, and H. C. King, of Sabinal, for plaintiff in error.

Jno. W. Hill, of Breckenridge, and J. F. Carroll, of San Antonio, for defendant in error.

SADLER, P. J. This suit was brought in the district court of Uvalde county, Tex., by the Sabinal National Bank, as plaintiff, against Albert Bryant, Sr., A. J. Kessler, and O. B. Kessler, upon two grounds; for recovery upon two notes for $800 and $700 each, against all of the defendants, or for the recovery against the defendants as for conversion of the amount of said two notes alleged to have been paid to and converted by A. J. & O. B. Kessler, and upon which fund plaintiffs had a lien. The findings of fact by the trial court show the nature of the suit. He finds that the plaintiff in 1908, and to the date of the judgment, was a national bank doing business at Sabinal, Tex.; that during 1909 and prior thereto A. J. & O. B.

Kessler were doing business in Knippa, Uvalde county, Tex., under the firm name of A. J. Kessler & Son; that in the early part of 1910 A. J. Kessler retired from the firm, and the business was conducted in the name of the firm by O. B. Kessler alone; that, before retirement by A. J. Kessler, the firm was largely indebted to the plaintiff, and some time during 1910 they executed to the bank a note for $4,000 to cover said indebtedness; that Albert Bryant, Sr., executed two notes to A. J. Kessler & Son, one for $700 due January 1, 1910, one for $800 due November 1, 1910; that the $700 note was secured by a chattel mortgage on a traction engine; that, after A. J. Kessler retired from the business, O. B. Kessler turned over to the bank, as collateral security to the $4,000 firm note, the two Bryant notes without written transfer or endorsement; that the bank held the two notes as security for the $4,000 note continuously thereafter; that during 1910, after the delivery of the notes as collateral, A. J. Kessler, acting under the chattel mortgage, sold the traction engine for $1,200, and, after satisfying prior liens, turned over to O. B. Kessler $500, who used the same in the business, and appropriated it to his own use; that, at the time O. B. Kessler received and appropriated the $500, the bank held the $700 note as collateral security for the firm note of Kessler & Son, which was at that time due and unpaid; that the bank had no knowledge of the collection and appropriation of the $500, nor of facts putting it upon notice, until a short time prior to the filing of this suit; that the bank used due diligence in an effort to locate the maker of the note, and to ascertain the condition of the note; that on the 11th day of April, 1911, O. B. Kessler filed petition in bankruptcy, scheduling the liabilities of the firm of Kessler & Son, among which was the debt due the bank, but did not list the $500 collected; that the bank duly proved the $4,000 debt in bankruptcy, but received nothing on the same, and at the time it filed its claim it had no knowledge that O. B. Kessler, through the sale of the traction engine, had collected and appropriated the $500, and that it did not list or report either of the collateral notes held by it as security for the debt in filing its claim; that O. B. Kessler was discharged in bankruptcy on October 27, 1913; that the plaintiff admitted on the trial that it had no cause of action against A. J. Kessler, and was not seeking any recovery against him, and that it had no cause of action against Albert Bryant, Sr.; that the plaintiff continued to hold the two collateral notes, but had not undertaken to foreclose its lien.

The court concluded as a matter of law that the plaintiff bank had a lien on the $700 note and its proceeds, and that O. B. Kessler became and was liable to the bank on and prior to the 11th day of July, 1911, for the

said $500, and that his liability rested upon an implied contract to pay over the money to the bank; that the $500 due by O. B. Kessler to plaintiff was a provable debt in bankruptcy; that plaintiff used due diligence to ascertain whether any collections had been made by O. B. Kessler on the $700 note, and its failure to know was by reason of concealment, and that plaintiff's cause of action was not barred by limitation; that the $500 received by O. B. Kessler was not received while acting in any fiduciary relation to the bank or by any false pretense or fraudulent representations, as these terms are used in the bankruptcy act; and that O. B. Kessler's discharge in bankruptcy is a bar to plaintiff's recovery against him for the $500.

On these findings judgment was rendered for the defendant. On appeal to the Court of Civil Appeals this judgment was affirmed (191 S. W. 1179), and the case is now before us on writ of error.

[1, 2] The construction which has been given to section 17 of the Bankruptcy Act of 1898 as amended by the act of February 5, 1903 (Comp. St. § 9601), by the Supreme Court of the United States, is decisive of this case. Quoting from the syllabi in McIntyre v. Kavanaugh, 242 U. S. 138, 37 Sup. Ct. 38, 61 L. Ed. 205:

"Partners are individually responsible for torts by the firm when acting within the general scope of its business, whether they personally participate therein or not. The unauthorized sale by a firm of brokers of certificates of stock held by them as collateral, and the appropriation of the avails to their own use, without the knowledge of the owner, is a willful and malicious injury to property within the meaning of the provision of the Bankrupt Act of July 1, 1898 (30 Stat. at L. 550, c. 541) § 17, as amended by the Act of February 5, 1903 (32 Stat. at L. 798, c. 487, Comp. Stat. 1913, § 9601), that a discharge in bankruptcy shall not release the bankrupt from liability for willful and malicious injuries to the person or property of another."

The judgment of the Court of Civil Appeals and of the trial court should be reversed, and judgment here rendered for the plaintiff in error against defendant in error for the $500 and interest.

PHILLIPS, C. J. We approve the judgment recommended in this case.