**Atomatic, Inc., Appellee, v. David Berkun, Appellant.**

**Gen. No. 47,016.**

First District, Third Division.
May 15, 1957.
Released for publication June 26, 1957.

David B. Perley and Maurice L. Aberman, and William E. Siegel, all of Chicago (David B. Perley, of Chicago, of counsel) for appellant.

John Demling, of Chicago, for appellee.

JUDGE KILEY delivered the opinion of the court.

This is an action for conversion of funds and for injury to the property of the plaintiff. The trial court upon a stipulation of facts overruled defendant's discharge in bankruptcy as an affirmative defense and entered judgment in favor of plaintiff for $1,000. Defendant has appealed from the judgment.

Defendant, as the general contractor for construction of a building for Albert Dobrin, engaged plaintiff as a subcontractor to install a heating system in the building. The subcontract price was $1,600. On February 19, 1953, plaintiff became entitled to a partial payment of $1,000, but defendant was unable to pay. At defendant's suggestion, plaintiff signed a partial waiver in the amount of $1,000 of his mechanic's lien and surrendered it to defendant in return for the latter's promise to collect $1,000 from Dobrin and turn it over to plaintiff. Defendant delivered the waiver to Dobrin, executed a contractor's statement that there was due plaintiff only $600, and collected $1,000. Defendant did not pay the $1,000 to plaintiff.

On February 19, 1954, defendant filed a voluntary petition in bankruptcy in the United States District Court, listing plaintiff's claim of $1,000, and the sum of $1,736.88 as the balance still due from Dobrin. Defendant was discharged on July 16, 1954, and plaintiff filed the instant suit on November 15, 1954.

The only question presented is one of law, whether the plaintiff's claim is one of the excepted liabilities under the Bankruptcy Act. (Sec. 35, Title 11, U. S. C. A.)

Section 35 of the Bankruptcy Act reads as follows:

"Debts not affected by a discharge (a) A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part,

except such as . . . (2) are liabilities . . . for willful and malicious injuries to the person or property of another. . . ."

The case of McIntyre v. Kavanaugh, 242 U. S. 138, announced the rule that a claim based on a conversion may be an excepted liability under the quoted section of the Bankruptcy Act. In that case the defendant had been given stock valued at $25,000 to secure an indebtedness of $3,853.32. Defendant sold the stock and appropriated the money and subsequently was adjudged a bankrupt and discharged. The Supreme Court, holding that the plaintiff's claim for the proceeds of the sale was not barred by defendant's discharge in bankruptcy, stated that "to deprive another of his property forever by deliberately disposing of it without semblance of authority is certainly an injury thereto within common acceptation of the words. . . . but the argument is that . . . Congress never intended the words in question to include conversion. We can find no sufficient reason for such a narrow construction. And instead of subserving the fundamental purposes of the statute it would rather tend to bring about unfortunate if not irrational results."

Defendant cites Davis v. Aetna Acceptance Co., 293 U. S. 328, as authority for the proposition that not every act of conversion is willful and malicious as required by the exception of the statute. In the Davis case, the defendant was an automobile dealer who obtained loans from the plaintiff in order to finance the purchase of automobiles from the manufacturer, giving a mortgage to plaintiff to secure the loans. Defendant sold one of the cars without the written authority required by the agreement with the plaintiff, and subsequently went into bankruptcy without having paid plaintiff. In holding that the liability was not excepted from defendant's discharge in bankruptcy, the court noted that "there may be an honest, but mis-

taken belief, engendered by a course of dealing, that powers have been enlarged or incapacities removed" so as to make a conversion "innocent" or technical. The clear implication from the court's statement is that defendant, relying on the many previous transactions in which he had sold cars without written authority from the plaintiff, could innocently sell the particular automobile in question. In the instant case, there was no previous course of conduct between the parties on which defendant could rely to innocently retain the money which he received from Dobrin and which belonged to plaintiff. The Davis case is distinguished on that basis and the holding there does not control the instant situation.

■ A conversion need not involve special malice to come within the exception of the statute, and the Illinois cases cited by defendant involving "malice toward the individual personally" are not, therefore, relevant. (Tinker v. Colwell, 193 U. S. 473.) ". . . we think a willful disregard of what one knows to be his duty, an act which is against good morals and wrongful in and of itself, and which necessarily causes injury and is done intentionally, may be said to be done willfully and maliciously, so as to come within the exception." (Id. p. 487.) We are satisfied that the conversion in the instant case constituted a willful and malicious injury to the property of the plaintiff within the meaning of the statute and is excepted from the operation of defendant's discharge in bankruptcy. (McIntyre v. Kavanaugh, 242 U. S. 138; In re Stenger, 283 F. 419; Baker v. Bryant Fertilizer Co., 271 F. 473.)

■ Plaintiff signed the waiver of his mechanic's lien for the specific purpose of enabling defendant to collect the $1,000 from Dobrin. This money rightfully belonged to plaintiff, and defendant willfully and wrongfully failed to turn it over to him. When defendant signed the contractor's statement, plaintiff lost his

63

lien on Dobrin's property. (Knickerbocker Ice Co. v. Halsey Bros. Company, 262 Ill. 241.) It was defendant's wrongful act that gave rise to plaintiff's claim against him. Defendant now seeks to avoid responsibility for the wrongful act by pleading his discharge in bankruptcy. "It was an honest debtor and not a malicious wrongdoer that was to be discharged." (Tinker v. Colwell, 193 U. S. 473, 488.)

We have considered all defendant's contentions and authorities and we conclude that they do not control here. For the reasons given, the judgment is affirmed.

Affirmed.

FEINBERG, P. J., concurs.

LEWE, J., took no part.