140 So.2d 202 (1962)
EXCEL FINANCE CAMP, INC.
v.
Roy TANNERHILL.
No. 387.
Court of Appeal of Louisiana, Fourth Circuit.
April 2, 1962.
Rehearing Denied May 7, 1962.
*203 George H. Fust, New Orleans, for defendant-appellant.
Gertler, Hart & Duran, David H. Seelig, New Orleans, for plaintiff-appellee.
Before REGAN, YARRUT and JOHNSON, JJ.
YARRUT, Judge.
Defendant-Appellant appeals from a judgment in favor of Plaintiff-Appellee in the amount of $200.81, with interest from various dates and attorney's fees. Plaintiff is a small loan company operating under the Small Loan Law of Louisiana [LSA-R.S. 6:571 et seq.]. The present note sued upon was a consolidation of two previous loans, secured by personal endorsements, which were in default. The note sued on was given in novation of the other notes and, in lieu of the personal endorsements, Plaintiff accepted as security a chattel mortgage on household effects and furniture owned by Defendant.
*204 Defendant admits execution of the note, but pleads the special defense that he was discharged of the debt in bankruptcy; and, further, that the household effects mortgaged were, by permission of Plaintiff, placed in his (Defendant's) furniture store for sale, the proceeds to be used in liquidation of the mortgage note.
With reference to the charge that the loan was obtained by false representation as to former debts and salary of Defendant, we find no basis to this claim. The present note, in novation of the other two notes in default, was accepted and the new loan made in consideration of the substitution of the chattel mortgage, in lieu of the personal endorsements securing the defaulted notes. Defendant, at the time of the renewal of the note, received in cash only $7.00. The balance was paid to liquidate the two notes in default and a small bill owed by Defendant.
As we analyze the record, we must conclude that the only issue in the case is whether or not Plaintiff authorized Defendant to sell the furniture for its account, and pay the proceeds to it in liquidation of the secured note. Plaintiff denies any such authority, and has received no part of the proceeds.
Plaintiff and Defendant both concede that the trustee in bankruptcy disclaimed interest in the property chattel mortgaged; hence, it was not administered for the benefit of Plaintiff or the bankrupt estate. Therefore, Plaintiff had the right to enforce its mortgage by foreclosure in the state courts. Louisiana's Chattel Mortgage Law (LSA-R.S. 9:5359) makes it a crime, punishable by fine not exceeding $500.00, and imprisonment for not more than six months, or both, for any person, who, having executed a mortgage on movable property, sells, assigns, exchanges, injures, destroys, conceals, or otherwise disposes of any part of the mortgaged property with fraudulent intent to defeat the mortgage, etc., etc. LSA-R.S. 9:5360-5363 provides for acceleration of maturity of the indebtedness for any of the above practices, and for foreclosure.
Discharge in bankruptcy does not divest or affect a valid mortgage on property that has not been brought within the jurisdiction of the bankruptcy court, and administered. (See authorities cited on p. 219, 11 U.S.C.A. § 32.)
Discharge in bankruptcy does not extinguish mortgage debt so as to prevent attachment of mortgage lien. Waters v. B. F. Ellington & Co., Tex.Civ.App., 289 S.W. 417; Schexnailder v. Fontenot, 147 La. 467, 85 So. 207.
A defrauded creditor has the option of opposing the discharge, or permitting it, and then asserting a claim as not affected by the discharge. In re Weitzman, 5 Cir., 11 F.2d 897.
11 U.S.C.A. p. 271, the Bankruptcy Act, § 35, Sub. a(2), declaring what debts are not affected by a discharge in bankruptcy, includes "willful and malicious injuries to the person or property of another," and Sub. a (4), where the debt was created "by * * * fraud, embezzlement, misappropriation or defalcation while acting as an officer or in any fiduciary capacity."
The unauthorized sale by mortgagor of mortgaged property, and the appropriation of proceeds of such sale by mortgagor, is a "willful and malicious injury to property" which was not dischargeable by bankruptcy. McIntyre v. Kavanaugh, 242 U.S. 138, 37 S.Ct. 38, 61 L.Ed. 205; 98 A.L.R. 1454.
A conversion of property by wrongful sale under a chattel mortgage, to the injury of the holder of the note secured thereby, is a "willful and malicious injury to property." Sabinal Nat. Bank v. Bryant, Tex.Com.App., 221 S.W. 940.
For the reasons assigned, the judgment of the trial court is affirmed; Defendant to pay all costs in both courts.
Affirmed.