170 So.2d 401 (1964)
Mrs. Melanie R. HEYERDALE
v.
Mrs. Paul Benedict HANEMAN, and L. P. de la Houssaye, d/b/a Enterprise Construction Company.
No. 1613.
Court of Appeal of Louisiana, Fourth Circuit.
December 7, 1964.
Rehearing Denied January 18, 1965.
Writ Refused March 12, 1965.
*402 Steeg & Shushan, Rader Jackson, New Orleans, for plaintiff-appellant.
Lenfant & Villere, Howard W. Lenfant, New Orleans, for defendant in rule and appellee.
Before REGAN, YARRUT, BARNETTE, JJ.
YARRUT, Judge.
This is an appeal by Plaintiff from the judgment of the district court in favor of Defendant (L. P. de la Houssaye) holding that the original judgment rendered on May 27, 1958 in favor of Plaintiff for $2,980.16, interest and costs, was subsequently discharged in Defendant's bankruptcy proceedings.
The judgment involved was obtained by Plaintiff against Defendant by default. In Plaintiff's petition she alleged she contracted with Defendant (d/b/a Enterprise Construction Co.) to repair certain real estate owned by her; he to furnish all material and labor; that, before the work was completed, she paid him the contract price in full only to learn, later, that he had not paid the subcontractors and furnishers of material who threatened to file liens against her property; that, to avoid the filing of such liens, she paid the subcontractors and furnishers of material $2,980.16; and that, having made demand upon the Defendant for reimbursement without avail, prayed for judgment against him. After his citation, and upon his default to answer her petition, judgment was rendered against Defendant as prayed.
Following Defendant's discharge in bankruptcy, Plaintiff filed a rule for him to show cause why her judgment should not be held to have survived his discharge in bankruptcy. To this rule Defendant filed exceptions of no right or cause of action, estoppel, and res judicata, for which reasons the case could not be reopened to show that he was guilty of "false pretenses or false representations"; and, in the alternative, denied he was guilty of any fraud or false representations that would prevent his discharge in bankruptcy.
The district judge dismissed Plaintiff's rule without written reasons, which, in effect, held that Plaintiff's judgment had been discharged in bankruptcy.
The question is one of law, based on the record as made up. Defendant's contention that the original judgment is res judicata is correct. His contention there is no proof that he was guilty of any fraud or misrepresentation is not sound. Plaintiff's original petition expressly recited and attached the original contract with Defendant, showing he was to furnish all labor and materials; and though she had paid him in full for all labor and material, she again had to pay the amount of $2,980.16 to the subcontractors and furnishers of material to avoid the liening of her property, due only to Defendant's default in paying them.
*403 LSA-R.S. 14:202 makes it a misdemeanor, punishable by fine and imprisonment, for a contractor, having received payment from the owner, to fail to pay his subcontractors and furnishers of material, viz.:
"Any contractor or subcontractor or agent of a contractor or subcontractor who has applied any money received on account of any contract for the construction, erection, or repair of any building, structure, or other improvement to any other purpose than the settlement of claims for material and labor due or to become due under the contract shall, in case of default on the contract, be fined not less than one hundred dollars nor more than five hundred dollars and imprisoned for not less than thirty days nor more than six months, and in default of fine, imprisoned for not less than thirty days nor more than six months additional."
Since Plaintiff alleged, and then proved, the indebtedness due by Defendant resulted from his failure to pay subcontractors and materialmen, for which she obtained judgment by default, she created the presumption juris et de jure he was guilty of a criminal act as defined in LSA-R.S. 14:202, as to which Defendant has not absolved himself.
11 U.S.C.A. § 35, Bankruptcy Act Section 17, reads:
"* * * liabilities for obtaining money or property by false pretenses or false representations, or for willful and malicious injuries to the person or property of another, * * * were created by his fraud, embezzlement, misappropriation or defalcation while acting as an officer or in any fiduciary capacity * * *."
A contractor's conversion and misapplication of funds creates a debt which is not discharged in bankruptcy. In Atomatic, Inc. v. Berkun, 14 Ill.App.2d 60, 143 N.E.2d 63, where a general contractor induced a subcontractor to waive his right to file a lien against owner's property, on the strength of which waiver he received money from the owner, and did not pay the subcontractor, it was held to be wilful and malicious injury to property, and the debt thereby created was not discharged in bankruptcy. In interpreting a state statute similar to LSA-R.S. 14:202, the Wisconsin Supreme Court held that the contractor, who failed to pay subcontractors and materialmen with money paid him by the owner was guilty of a breach of trust. Bastian v. LeRoy, 20 Wis.2d 470, 122 N.W.2d 386 (1963).
A defrauded creditor has the option either to oppose the discharge of the debtor in bankruptcy, or later to assert his claim was not affected by the discharge. In Re Weitzman, (N.D.Tex.), 11 F.2d 897; Excel Finance Camp, Inc. v. Tannerhill, La.App., 4th Cir., 140 So.2d 202 (1962).
The judgment of the district court, that the original judgment in favor of Plaintiff was discharged in bankruptcy, is now reversed. Judgment is now rendered in favor of Plaintiff, and against Defendant, that the original judgment obtained by Plaintiff was not discharged in the bankruptcy proceedings, but is still due and collectible under the laws of the State of Louisiana; Defendant to pay all costs of these proceedings in both courts.
Judgment reversed.