TATE, Judge.
The sole issue of this appeal is whether a 1958 judgment in favor of the plaintiff (“Building-Supply”) was discharged by the defendant Soileau’s 1962 bankruptcy. The trial court held that the judgment represented a liability for “willful and malicious” injury to the property of another, a type of debt which is not dischargeable in bankruptcy, 11 U.S.C.A. § 35, sub. a(2).
The issue of the judgment’s validity arose in a garnishment proceeding in execution of the 1958 judgment, which was instituted by Building-Supply against a lady who owed Soileau some money. Soileau inter *758 vened in the garnishment to claim the unen-forceability of the 1958 judgment by reason of his subsequent bankruptcy.
The trial court held that the 1958 judgment had not been discharged by Soileau’s bankruptcy. The court therefore recognized Building-Supply’s right under it to seize by garnishment funds due Soileau. The defendant Soileau appeals from this determination.
The defendant-appellant contends that his 1962 bankruptcy discharge freed him from liability for all prior debts and claims against his estate.
However, the bankruptcy statute specifically provides that the effect of a discharge does not release a bankrupt from certain excepted types of claims. 11 U.S.C.A. § 35. The plaintiff claims that the present debt is of a nature specifically so excepted.
Despite appellant’s seeming contention that dischargeability or not may be determined only in the bankruptcy proceeding itself, nevertheless the effect of the bankruptcy discharge with regard to a particular debt may be determined, as in this case, by a state or federal court in which the discharge is pleaded as a bar to enforcement of the particular liability claimed. Collier Bankruptcy Manual (1946 revision), Sections 17.10, 17.12; 9 Am Jur 2d “Bankruptcy”, Sections 810, 811, 815; 8B C.J.S. Bankruptcy Section 559.
The plaintiff Building-Supply relies upon the provision of 11 U.S.C.A. § 35, sub. a (2) that excepted from the discharge :in bankruptcy are the bankrupt’s liabilities “for willful and malicious injuries to the * * * property of another * * Within the meaning of this exception from discharge is a willful injury to intangible personal or property rights, including the intentional conversion of another’s property without his knowledge or consent. Collier, cited above, Section 17.03 at p. 211. “Liability for conversion by the deliberate disposal of the property of another without semblance of authority therefor or consent thereto is within the exception of a willful and malicious injury to the property of another.” 9 Amjur2d “Bankruptcy”, Section 792 at p. 595.
The 1958 judgment was introduced in evidence, as well as the petition of the suit in which this judgment was taken upon confirmation of default. If the evidence taken at the confirmation supported the allegations of Building-Supply’s petition upon which the 1958 default judgment was based, then clearly Building-Supply’s claim against the defendant Soileau was not discharged' by Soileau’s subsequent bankruptcy. The petition alleges that the defendant Soileau intentionally and fraudulently retained for his own use funds paid by a third person to him which belonged to Building-Supply and which Soileau was legally obligated to turn over to Building-Supply.
Under the jurisprudence, therefore, the intentional conversion by Soileau of funds belonging to Building-Supply, as alleged by the petition, constituted a non-discharge-able “willful and malicious injury” to Building-Supply’s property. See McIntyre v. Kavanaugh, 242 U.S. 138, 37 S.Ct. 38, 61 L.Ed. 205 (1916) and other decisions cited in the text authorities above-cited; Annotation, Conversion—Discharge in Bankruptcy, 98 ALR 1454. Cf., Heyerdale v. Haneman, La.App. 4 Cir., 170 So.2d 401, certiorari denied, 247 La. 486, 172 So.2d 293.
The defendant seems to contend, however, that he is not bound by the 1958 default judgment against him, nor by any presumption that the evidence taken on confirmation of default proved the allegations of the petition. Further, although the 1958 default judgment contains an express finding that the liability resulted from an intentional conversion by Soileau of Build *759 ing-Supply’s funds [1], the defendant Soileau also seems to contend, without citation of authority, that his subsequent discharge in bankruptcy cannot be evaded by a pre-bank-ruptcy judgment declaration of intentional conversion.
 The defendant-appellant’s contentions are not well-founded. When a liability has been reduced to judgment and the issue subsequently is whether such judgment comes within a class excepted from the operation of the bankruptcy discharge, the dischargeability or not of the judgment is determined from the judgment’s record and from the judgment itself, without reference to allegations or proof outside of it.[2] 9 Amjur2d “Bankruptcy”, Section 820; 8B C.J.S. Bankruptcy §§ 574e, 579, 587. “In determining the question of discharge-ability of a judgment, the court will examine the underlying cause of action, but the determination must be based on the record, and not upon any allegations or proof outside of it.” Collier, cited above, Section 1700 at p.'205. For such purposes, evidence is inadmissible to contradict or go behind the j udgment or its record. Aetna Casualty & Surety Co. v. Sentilles, La.App. 1 Cir., 160 So. 149.
Here, the pleadings upon which the 1958 default judgment was taken, clearly show that such judgment was based upon the intentional conversion by the bankrupt of the judgment creditor’s funds, a non-dis-chargeable debt. Further, the judgment itself contains a finding that the debt for which judgment was rendered resulted from the bankrupt’s willful and malicious conversion to his own use of funds which had been received by him for the judgment creditor.
The general rule[3] here applicable is that the finding incorporated in the judgment itself is conclusive on the bankrupt to the effect that the judgment was based upon willful and malicious injury. 9 Am Jur 2d “Bankruptcy”, Section 820 ; 8B C. J.S. Bankruptcy § 574e; Annotation, Bankruptcy — Discharge—Judgment, 109 ALR 1192. See also Annotation, Default Judgment—Res Judicata, 77 ALR2d 1410 at 1455 (Section 25b, “Questions relating to discharge of bankrupt”). Cf. Heyerdale v. Haneman, cited above, at 170 So.2d 402. As stated at Collier, cited above, Section 17.03 (p. 211.1) : “Where a judgment has been obtained, the court, which is called upon to determine whether the judgment is dischargeable, may resort to the entire record to determine the wrongful character of the act. But such court may not determine whether it would regard the injuries complained of as willful and malicious where the judgment of another court has been rendered upon the character of the liability.”
Under the present circumstances, therefore, the 1958 default judgment is res judicata in its express holding that the debt for which judgment was rendered resulted from a willful and intentional conversion of the judgment creditor’s funds, the judgment being based upon pleadings stating a *760 cause of action to this effect. This being so, the bankrupt cannot now claim that the original debt did not really represent an intentional conversion not dischargeable in bankruptcy.
The trial court thus correctly held that enforcement of the 1958 judgment is not barred by the judgment debtor’s subsequent discharge in bankruptcy. We therefore affirm the judgment of the District Court. The defendant-appellant is to pay the costs of this appeal.
Affirmed.

. The judgment itself contained a declaration that, upon hearing the evidence, the court was satisfied that “the demand has been proven and that defendant’s [Soileau’s] debt resulted from willful and malicious injury to plaintiffs in the conversion of funds which defendant received for the benefit of plaintiff [Building-Supply].” The decree further awarded judgment in favor of the plaintiff and against the defendant “for willful and malicious injury” in the sum for which the defendant was cast.

. There is possibly a very limited exception that the nature of a debt may be established by extrinsic, evidence where the, record is entirely silent as to the nature of the debt which is the basis of the judgment. See footnote 2 at 9 Am.Jur.2d Section 820 (p. 615); Footnote 87.5 at 8B C.J.S. § 587 at p. 157.

. A possible exception to the general rule may be that a recital in the judgment itself is not conclusive if resort to the pleadings in the judgment’s record indicates that the underlying cause of action gave rise only to a dischargeable debt. Cf., 8B C.J.S. § 579 at Footnote 38.5.