LOTTINGER, Judge.
On October 18, 1963, the plaintiff herein filed suit against the defendants, Charles Adams and his wife, Bobbie Jean Adams, on the basis of a promissory note which had been executed by those defendants in October of 1962, which note was identified with an act of chattel mortgage executed by the defendants on the same date as the njpte. The petition prayed for judgment against the defendants and for recognition of the plaintiff’s chattel mortgage on certain movable property described in the petition which consisted of a refrigerator, a gas range, a dinette set, a table and four chairs, a bedroom set, bookcase headboard, spring and mattress, double dresser and chest, box spring with innerspring mattress and one television set. The defendants filed dilatory exceptions which were overruled, and subsequently an answer, which was in the nature of a general denial and which further urged a defense of the defendants having made a partial payment in consideration of the plaintiff agreeing not to institute the suit upon the defendants maintaining a new schedule of payments intended to bring the account current. On November 18, 1964, the matter was taken up and tried on the merits, and the Trial Judge rendered judgment in favor of the plaintiff, and against the defendants for the amount prayed for in plaintiff’s petition, and further recognized plaintiff’s chattel mortgage on the property hereinabove described. The judgment further ordered that the property be seized and sold by the Sheriff of the Parish of East Baton Rouge at public auction with appraisement to the highest bidder. This seizure apparently did not take place, as in December of 1964 the plaintiff filed a garnishment petition, naming the defendant’s employer as garnishee. The garnishee answered the interrogatories and admitted that the defendant was employed by it and furnished the requested information relative to his earnings. After the answer was filed, the *761 plaintiff obtained a judgment of garnishment ordering the garnishee to pay the non-exempt portion of the defendant’s wages to the Sheriff of the Parish of East Baton Rouge, Louisiana, in accordance with the terms of the judgment. This judgment of garnishment was signed on January 14, 1965.
Thereafter, on May 10, 1965, plaintiff filed a Motion and Order reciting to the Court the fact that it had obtained its judgment against the defendants, further reciting the fact that the defendant, Charles Adams had, on January 20, 1965, filed a bankruptcy petition in the United States District Court for the Eastern District of Louisiana, and stating that it feared that the defendant might assert his discharge in bankruptcy in the event that the plaintiff desired to execute on the judgment rendered November 18, 1964. The motion further recited that the debt represented by the judgment was non-dischargeable in bankruptcy by reason of the fact that the defendants had wrongfully disposed of or removed from the jurisdiction of the Court the movable property which they had mortgaged to plaintiff as security in the act of chattel mortgage, and by reason of the fact that the defendant Charles Adams had made false representations when he executed his financial statement in connection with his loan application on October 11, 1962. In connection with the motion, an order was issued directing the defendant, Charles Adams, to show cause why judgment should not be rendered in favor of the plaintiff and against him decreeing the debt evidenced by the judgment of November 18, 1964, as having not been discharged in bankruptcy. Both defendants filed an answer wherein they denied that they had concealed or disposed of any property and that they had at any time made any false representations. The answer further urged that the debt had been discharged in connection with the bankruptcy proceeding by a discharge signed by the referee in bankruptcy on March 17, 1965.
On June 7, 1965, the rule was taken up and tried, and at the conclusion of the trial, the Trial Judge rendered judgment in favor of the petitioner and against the defendants making absolute the rule which had previously been issued, and declaring the judgment rendered against the defendants on November 18, 1964, as being non-dischargeable in bankruptcy.
Thereafter on August 11, 1965, defendant Charles Adams appealed the judgment on rule devolutively to this Court.
There is testimony in the record from two of the employees of the plaintiff, one of whom went to an address on Government Street in Baton Rouge, which he testified had been given to him as the address of the defendant Charles Adams. This witness said he went into the house, looked at the furniture located therein, and said that the only item of the mortgaged movable property which he had been able to locate in the house was the television set which had been mortgaged to the plaintiff by Charles Adams and his wife. We might mention here that all of the major appliances, described in the act of chattel mortgage except the television set, are provided with serial and model numbers so as to be’ easily identifiable. The television set is not so described. The plaintiff’s witness who testified, was not employed by the plaintiff at the time of the execution of the chattel mortgage by the defendant, but had only been employed by the plaintiff for a period of some seven months prior to the trial. Another of the witnesses who testified in behalf of the plaintiff had been employed since May of 1964, and at the time of the trial was the manager of the plaintiff’s Baton Rouge office. His testimony is that he attempted to contact the defendant on more than twenty different occasions, but was always unsuccessful in doing so. He testified that the purpose of these attempts to contact the defendant was to make some kind of arrangement to pick up the chattels described in the mortgage.
*762 The defendant, Charles Adams, on cross-examination, testified that he never did receive the majority of the chattels listed in the chattel mortgage. He testified as to some sort of arrangement whereby he was to purchase this furniture from a third person and that in 'connection with the purchase of the furniture this third person had arranged for him to obtain the necessary funds from the plaintiff with which to make the purchase. He testified that after he executed the note, that he had only received the television set, the couch and chair, the coffee table and two gas heaters. He denies ever having received from any source the balance of the property described in the chattel mortgage. He further testified that he had in his possession the television set and chair, but that his aunt had in her possession and was keeping for him the two gas heaters and the couch.
There is considerable testimony in the record from the defendant Charles Adams relative to some intricate arrangement between him, the plaintiff, and this third party who allegedly made the arrangements for the defendant to purchase the furniture and also made the arrangements for the defendant to borrow the purchase price from the plaintiff. We might mention here that the act of chattel mortgage sued upon originally is not in the nature of a sale and chattel mortgage wherein a seller appears and sells to the purchaser the same items which the purchaser then mortgaged to the mortgagee, but is rather an ordinary chattel mortgage, wherein the mortgagor appears as owner of certain chattels described therein, and mortgages those chattels to the mortgagee as security for the payment of the note executed in connection therewith. We would also observe that this defense urged by the defendant is not pleaded in his answer to the rule. Even if it had been pleaded, however, this defense is obviously a defense to the original suit on the note and cannot now be urged against the plaintiff in connection with the determination of the validity of a discharge in bankruptcy which purportedly discharges the defendant from the judgment rendered in connection with the suit on the note. The defendant possibly could have used this alleged failure to receive some of the items described in the chattel mortgage as a matter of defense to the suit on the note. However, that judgment is now res adjudicata, and is not a proper subject for our consideration. We must therefore consider the effect of the defendant’s inability to explain the whereabouts of the refrigerator, the gas range, the dinette set, the table and four chairs with a divider, the mahogany bedroom set with bookcase headboard, the spring and mattress, and the double dresser and chest, except to say that he never did receive them.
Having established that the explanation or defense urged by the defendant at the time of the trial of this rule might have been available to the defendant only as a defense to the suit on the note, and the defendant having elected not to use that defense to the suit on the note, that leaves the location of these items and the reason for their not being in the possession of the defendant totally unexplained. In this circumstance, we can only conclude that the defendant did in fact dispose of those items to the prejudice of the plaintiff. Excel Finance Camp, Inc. v. Tannerhill, La.App., 140 So.2d 202, LSA-R.S. 9:5359, and 11 U.S.C.A. § 35(a) (2) stand for the proposition that where mortgaged property given as security for the payment of a debt has been wrongfully disposed of, concealed or removed from the jurisdiction, that the debt cannot be discharged in bankruptcy. The debtor must produce the mortgaged chattels or be condemned to pay the debt.
The errors assigned by appellant to the Lower Court’s judgment are that the Court erred in:
1. Failing to recognize the validity of the debtor’s discharge in bankruptcy. *763 2. Decreeing the indebtedness represented by the judgment of November 18, 1964, to be non-dischargeable in bankruptcy.
3. Declaring the judgment of November 18 to be non-dischargeable despite the fact that the defendant appellant does not now have nor has he ever had possession of •all the movable property described in the chattel mortgage annexed to the suit filed 'by the plaintiff.
4. Declaring the judgment of November 18, 1964, non-dischargeable in bankruptcy despite the fact that the plaintiff-appellee alleged but failed to prove concealment of the purportedly mortgaged properties.
5. Declaring the judgment of November 18, 1964, non-dischargeable despite the fact that the plaintiff-appellee alleged but failed to prove any misrepresentation on the part of the defendant-appellant.
6. Declaring the judgment of November 18, 1964, to be non-dischargeable without proof by the plaintiff-appellee that it relied upon or was actually misled by the statements it suggested of defendant-appellant.
7. Failing to consider the provisions of 11 U.S.C.A. § 32 and 11 U.S.C.A. § 35 relative to the discharge and the effect of a discharge in bankruptcy.
8. Not holding that plaintiff-appellee was entitled to only a judgment in rem, limited to the chattels which defendant-appellant had or ever had in his possession and not otherwise.
We believe that we have previously disposed of and treated all of the assignments of error except those contained in numbers 5 and 6 above. Those two assignments of error relate to the fact that the plaintiff alleged but failed to prove misrepresentation on the part of defendant in connection with his execution of the financial statement at the time that the note was originally executed. It is true that although the plaintiff made certain allegations in its motion relative to the inaccuracy of the defendant’s financial statement, nevertheless failed to adduce any testimony whatsoever at the time of the trial on the rule relative thereto. However, it is also true that in order to have the debt declared non-dischargeable in bankruptcy, the plaintiff had only to prove either one of the two allegations. We are satisfied that the plaintiff has established, primarily by the testimony of the defendant himself under cross-examination, that the defendant no longer has in his possession the major portion of the items described in the act of chattel mortgage.
Accordingly, the judgment of the Trial Court is affirmed, the appellant to pay all cost of this appeal.
Judgment affirmed.