CHASEZ, Judge.
This is a suit on a promissory note secured by a chattel mortgage on several items of household furniture and appliances that were the property of the defendant, Esther (Eather) Necaise.
The petition of the plaintiff, Prudential Finance Plan of N.O., La., Inc., alleges that the defendant is indebted to the plaintiff in the sum of $422.00, plus 20 per cent attorney’s fees and 8 per cent interest, she having defaulted on several installments of the note for $480.00, which contained an acceleration clause and provision for attorney’s fees.
*869 The issue presented to the trial court was the operation and effect of a prior bankruptcy proceeding upon this debt, where the furniture and appliances which secured the debt were discarded by the debtor.
The First City Court of New Orleans rendered judgment in favor of the defendant, dismissing the plaintiff’s suit, whereupon the plaintiff appealed to this Court.
On appeal, Prudential Finance Plan of N.O., La., Inc., maintains that the secured property, albeit disclaimed in the bankruptcy proceedings, was wrongfully converted by Mrs. Esther (Eather) Necaise to the creditor’s detriment, and hence she is liable for the debt since she cannot return the property to the creditor.
We affirm the holding of the trial court because we conclude that the debt was discharged in the bankruptcy proceedings. Debts not dischargeable are enumerated in 11 U.S.C.A. § 35(a). Section 35(a) (2) offers the only category which could possibly apply in this case to prevent a discharge. “ * * * (L) ¡abilities for * * * willful and malicious injuries to the person or property of another, * * * ”
It cannot be said, in view of the record, that the conversion amounted to a “willful and malicious injury” to the creditor’s property. We feel that the language in the United States Supreme Court case, Davis v. Aetna Acceptance Company, 293 U.S. 328, 55 S.Ct. 151, 79 L.Ed. 393 (1934) is applicable to the issues before us. There it was said:
“The respondent contends that the petitioner was liable for a willful and malicious injury to the property of another as the result of the sale and conversion of the car in his possession. There is no doubt that an act of conversion, if willful and malicious, is an injury to property within the scope of this exception. * * * But a willful and malicious injury does not follow as of course from every act of conversion, without reference to the circumstances. There may be a conversion which is innocent or technical, an unauthorized assumption of dominion without willfulness or malice. * * * In these and like cases, what is done is a tort, but not a willful and malicious one. Turning to the findings here, we see that willfulness and malice have been unmistakably excluded. * * *
“ * * * The discharge will prevail as against a showing of conversion without aggravated features.”
Prudential Finance Plan of N. O., La., Inc. has not shown or even alleged fraud or malice on the part of Mrs. Necaise. The testimony indicates that the furniture was simply discarded by Mrs. Necaise as old and worthless. There is no showing of malice or willfulness in her actions, nor any indication of remuneration, financial or otherwise, to Mrs. Necaise in disposing of the property.
Whatever interest Prudential Finance Plan of N.O., La., Inc. may have possessed in the mortgaged property had become completely valueless by the time the property was disposed of by Mrs. Esther (Eather) Necaise, as evidenced by the following excerpt appearing at the close of the testimony :
BY MR. KRONLAGE:
Q. — Mrs. Necaise, except for the refrigerator, the Range and the T.V. Set, when do you say the rest of the furniture was acquired by you and your husband? When did you first get it ?
A. — We got it when we first moved into the Florida Project.
Q. — And how long ago did you move in the Florida Project?
A. — It was a long time ago. We moved in there, I say, about sixteen (16) or seventeen (17) years ago.
*870 Q. — This was all the same furniture?
A. — Yes, sir, and most of it was given to us then, except what we bought at Levi-tan’s.
Q. — And when you decided to dispose of it, who did you call?
A. — We called the Salvation Army. I don’t know just who it was that came out to look at it but the said, “I wouldn’t even pick that up”—
BY MR. MORAN:
I object to that as being hearsay.
BY THE COURT:
I will let it go to the effect.
BY MR. KRONLAGE:
Q. — Did anybody from Prudential Finance Plan of New Orleans, Inc., come to your house to look at the furniture?
A.- — -No, sir.
Q. — Did they ask you how old the furniture was?
A. — No, sir.
The record also indicates that Mrs. Necaise continued to possess a mortgaged television set up to and after the filing of suit, which was subsequently destroyed by Hurricane Betsy.
The cases cited on behalf of the appellant are inapplicable to circumstances here. Excel Finance Camp, Inc. v. Tannerhill, 140 So.2d 202 (LaApp.1962) and Sabinal National Bank v. Bryant, 221 S.W. 940 (Tex.Com.App.1920) respectively, involved a wrongful sale of secured property and misapplication of funds as being “malicious and willful injury to property”. The case of Schexnailder v. Fontenot, 147 La. 467, 85 So. 207, merely asserts the proposition that a judicial mortgage lien continued to attach to property under a homestead exemption even though a debtor was discharged in bankruptcy, should the debtor ever waive the exemption; and the court also said in that case that the debtor was personally discharged from the debt and his future property was likewise unencumbered. Heyerdale v. Haneman, 170 So.2d 401 (La.App.1964), involved a contractor who, after receiving payment in full for repairs from a building owner, failed to pay his subcontractors and materialmen. The retention and misapplication of funds created a legal presumption of a criminal act which prevented a discharge in bankruptcy of the debt.
In this case the plea of discharge in bankruptcy must stand, as the record does not disclose that the Prudential Finance Plan of N.O., La., Inc. has made proof that the debt was excepted from the discharge by willful and malicious” injury to property or otherwise.
Affirmed.