LOTTINGER, Judge.
This is a “suit to reverse discharge in bankruptcy.” On June 2, 1964, in a suit on a promissory note, judgment was rendered in favor of the plaintiff, X-L Finance Company, Inc., and against the defendants, Raymond L. Olivier and Annie T. Olivier, in the amount of $1,634.00, together with interest at the rate of eight (8%) per cent per annum from December 20, 1963, and attorney’s fees in the sum of twenty-five (25%) per cent of the aggregate of the principal and interest and for all costs. It must here be noted that the original suit did not pray that the chattel mortgage, with which the promissory note was identified, be maintained and recognized by the Court. On November 23, 1964, the defendants were declared bankrupt, and were discharged from their debts. There is no question but that the judgment rendered on June 2, 1964, was listed on the bankruptcy schedule. The plaintiff then filed this proceeding, a “suit to reverse discharge in bankruptcy”, on March 27, 1965, and alleged therein the judgment rendered on June 2, 1964; the discharge by the bank *169 ruptcy court on November 23, 1964; the fact that the note sued upon in the original proceeding was identified with a chattel mortgage, and listed the furniture as identified therein; that between June 24, 1963, the date of the original note, and June 2, 1964, “the defendants did sell, assign or otherwise dispose of a portion of the mortgaged property with fraudulent intent to defeat the mortgage, all in violation of L.S.A.-R.S. 9:5359-9:5363”; “That the unauthorized disposal of the mortgaged property amounted to a willful and malicious injury to property as defined in 11 U.S.C.A., page 271, Section 35, Subsection (2)”; and that therefore the discharge did not release the bankrupt from his debt. The Trial Court dismissed plaintiff’s petition from which judgment the plaintiff has perfected this devolutive appeal.
The Trial Judge interjected ex propiro motu the exception of “no cause of action”, inasmuch as it was the opinion of the Trial Judge that the plaintiff should have ruled the defendants into Court to show cause why plaintiff’s judgment or claim was not affected by the discharge in bankruptcy, rather than proceeding by an ordinary suit. On appeal, plaintiff-appellant alleges this was reversible error oh the part of the Trial Court, but in its reasons for judgment, the Trial Court did not designate whether it' was basing its decision on the insufficiency of the evidence as produced by the plaintiff, or on its ex propiro motu finding that the petition disclosed no cause of action. Inasmuch as we are in agreement with the Trial Court that the plaintiff has not proved his case, and that as such, plaintiff’s suit should be dismissed, there is no need for a discussion of any error on the Trial Court’s ex propiro motu finding that the petition of the plaintiff disclosed no cause of action.
Plaintiff-appellant alleges that its judgment against the defendants as rendered on June 2, 1964, was not discharged by the bankruptcy proceedings inasmuch as the defendants disposed of certain of the movables as listed in the chattel mortgage. Debts not affected by a discharge are those as are listed in 11 U.S.C.A. § 35, which provides in part as follows, to-wit:
“(a). A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full, or in part, except such as (1) * * *; (2) * * *, or for willful and malicious injuries to the person or property of another, * *
In Excel Finance Camp, Inc. v. Tannerhill, La.App., 140 So.2d 202, 204, (1962), our brethren in the Fourth Circuit held that,
“The unauthorized sale by mortgagor of mortgaged property, and the appropriation of proceeds of such sale by mortgagor, is a ‘willful and malicious injury to property’ which was not dischargeable by bankruptcy. McIntyre v. Kavanaugh, 242 U.S. 138, 37 S.Ct. 38, 61 L.Ed. 205; 98 A.L.R. 1454.”
And in X-L Finance Company, Inc. v. Adams, La.App., 187 So.2d 759, 762, (1966), we stated,
“Excel Finance Camp, Inc. v. Tannerhill, La.App., 140 So.2d 202, LSA-R.S. 9:5359, and 11 U.S.C.A. § 35(a) (2) stand for the proposition that where mortgaged property given as security for the payment of a debt has been wrongfully disposed of, concealed or removed from the jurisdiction, that the debt cannot be discharged in bankruptcy. The debtor must produce the mortgaged chattels or be condemned to pay the debt.”
In the instant case, .only two witnesses testified, and these were the defendants called under cross-examination by the plaintiff. The defendants testified that they disposed of certain pieces of furniture and appliances after they became useless and worthless through normal use. Plaintiff alleges that the defendants wrongfully disposed of a gas stove, a refrigerator, a television set, a dinette table with four chairs and a sofa. The defendants testified that the stove caught fire and the fire department condemned it; the motor on *170 the refrigerator burned out, and the refrigerator was discarded; the television set was nine years old and the picture tube and several other tubes were not working; and that the dinette set and sofa started to fall apart through wear and tear. These were the only witnesses that testified, and plaintiff did not present any other witnesses to contradict their testimony.
In the recent case of Prudential Finance Plan of N. O., La., Inc. v. Necaise, La.App., 192 So.2d 868, 869, (1966), the Fourth Circuit, in a case very similar to the instant case stated,
“It cannot be said, in view of the record, that the conversion amounted to a ‘willful and malicious injury’ to the creditor’s property. We feel that the language in the United States Supreme Court case, Davis v. Aetna Acceptance Company, 293 U.S. 328, 55 S.Ct. 151, 79 L.Ed. 393 (1934) is applicable to the issues before us. There it was said:
‘The respondent contends that the petitioner was liable for a willful and malicious injury to' the property of another as the result of the sale and conversion of the car in his possession. There is no doubt that an act of conversion, if willful and malicious, is an injury to property within the scope of this exception. * * * But a willful and malicious injury does not follow as of course from every act of conversion, without reference to the circumstances. There may be a conversion which is innocent or technical, an unauthorized assumption of dominion without willfulness or malice. * * * In these and like cases, what is done is a tort, but not a willful and malicious one. Turning to the findings here, we see that willfulness and malice have been unmistakably excluded. * * *
‘ * * * The discharge will prevail as against a showing of conversion without aggravated features.’
Prudential Finance Plan of N. O., La., Inc. has not shown or even alleged fraud or malice on the part of Mrs. Necaise. The testimony indicates that the furniture was simply discarded by Mrs. Ne-caise as old and worthless. There is no showing of malice or willfulness in her actions, nor any indication of remuneration, financial or otherwise, to Mrs. Ne-caise in disposing of the property.”
We feel, as did the Fourth Circuit in Prudential Finance Plan of N. O., La., Inc. v. Necaise, supra, that the defendants did not willfully and maliciously dispose of the mortgaged property. It is true that in X-L Finance Company, Inc. v. Adams, supra, we stated that, “The debtor must produce the mortgaged chattels or be condemned to pay the debt”, .'but this must be limited to the situation where the mortgagor has wrongfully disposed' of the mortgaged property, as was done in the X-L Finance case.
For the foregoing reasons, the judgment of the Trial Court is affirmed. All costs are to be paid by the appellant. Judgment affirmed.