BLANCHE, Judge
(dissenting).
The suit giving rise to this appeal was purely and simply a cause of action by a lessor against the lessee for failure to pay rent installments when due, thereby entitling the lessor to accelerate the balance of the rent due and to collect attorney’s fees, pursuant to the terms of the written lease. Plaintiff at no time sought to bring a cause of action against defendant for an alleged willful conversion of the leased movable property.
Accepting the facts as found by the trial court and the majority opinion, plaintiff could have stated two different types of causes of action against defendant: (1) the cause of action which was the only one sued on, to wit, a cause of action for the accelerated rent and stipulated attorney’s fees, and (2) a cause of action for the wrongful conversion of plaintiff’s property by the defendant, or possibly for the willful failure of the defendant to return to plaintiff the leased movable property due to the defendant’s wrongful conversion thereof. It is only the second type of cause of action which can in any way properly be classified as a liability “for willful and malicious conversion of the property of another,” or as a liability “for willful and malicious injuries to the property of another,” so as to constitute a debt which is excepted from the discharge in bankruptcy under the provisions of Section 17(a) of the Bankruptcy Act, 11 U.S.C.A., Section 35(a) (2), (8).
Plaintiff could have cumulated these two causes of action against the defendant in the same suit, in which case the defendant’s liability for the first type of cause of action would have been dischargeable by virtue of his bankruptcy, whereas his liability on the second type of cause of action would have fallen within the limiting terms of the aforementioned provision of the Bankruptcy Act and been a non-discharge-able debt.
The distinction between the two types of liabilities and two types of causes of action is further demonstrated by the measure of damages which would be properly recoverable. For the type of cause of action as sued for by plaintiff, the measure of damages is the accelerated unpaid rent and the stipulated attorney’s fees, whereas the measure of damages for the wrongful conversion of the plaintiff’s property by the defendant would be the fair market value of the property, together with whatever damages plaintiff sustained as a result of the wrongful conversion.
Plaintiff would clearly have two independent and distinctive remedies against the defendant, the first being the right to collect the accelerated unpaid rent and stipulated attorney’s fees under the provisions of the lease, and the other being the right to be restored to possession of the leased property, or to recover its fair market value, together with the damages which plaintiff sustained as a result of the defendant’s wrongful act or breach of the obligation to restore the lessor to the possession of the leased property. In this particular case plaintiff would be entitled to recover the unpaid accelerated rent payments and would also be entitled to recover for fair market value of the movable property leased which the defendant-lessee wrongfully converted. Only the second type of liability, however, would be excepted from the defendant’s properly pled discharge in bankruptcy.
Various Louisiana cases which have considered the effect of the provision of the Bankruptcy Act relied on by plaintiff have all heretofore recognized and emphasized *825 the fact that the debt or liability sought to be preserved from the discharge in bankruptcy, i. e., the type of cause of action sued on, was specifically a liability for willful or malicious conversion of property. See, for example, L. & M. Building and Supply, Inc. v. Soileau, 176 So.2d 756 (La. App. 3rd Cir. 1965); Heyerdale v. Haneman, 170 So.2d 401 (La.App. 4th Cir. 1964), writ refused, 247 La. 486, 172 So.2d 293; Excel Finance Camp, Inc. v. Tannerhill, 140 So.2d 202 (La.App. 4th Cir. 1962).
The majority opinion fails to recognize the distinction in the nature of the liability sued on by plaintiff, and, accordingly, commits manifest error in failing to give effect to defendant’s discharge in bankruptcy, inasmuch as the liability asserted by the plaintiff is not a liability “for willful and malicious conversion of the property of another,” but is instead simply a liability arising out of the default by the defendant-lessee in the timely payment of rent installments.
I respectfully dissent.