**In the Matter of Frederick L. DROWNE, Jr., Bankrupt.**

**No. 6835.**

United States District Court
D. Rhode Island.

Sept. 30, 1954.

James L. Taft, Providence, R. I., for petitioner.

James J. Corrigan, Providence, R. I., for judgment creditor.

DAY, District Judge.

This is a petition by Frederick L. Drowne, Jr., the bankrupt, for a review of the decision and order of the Referee in Bankruptcy, in Bankruptcy proceeding No. 6450 wherein the Referee held that the claim of a judgment creditor against the bankrupt was excepted from any discharge to be granted to him and denied a motion for an injunctive order staying the service of a body execution on said judgment by the Superior Court of the State of Rhode Island.

The petition was heard on the decision, findings and order of the Referee, oral arguments and briefs filed in behalf of the bankrupt and the judgment creditor.

The judgment creditor, one Edward W. Giguere, a minor, was injured on October 15, 1950 when struck in the eye by a pellet from a B-B gun, so-called, which was admittedly fired by the bankrupt. Thereafter the judgment creditor by his father and next friend instituted an action at law in the Superior Court of the State of Rhode Island against the bankrupt. It appears that when the action was called for trial, counsel for the then plaintiff and defendant agreed that judgment should be entered in favor of the plaintiff, now the judgment creditor, for the sum of $3,000 and costs upon the first count in the plaintiff's amended declaration. This count alleged that the defendant with force and arms had made an assault with a dangerous weapon upon the plaintiff on the day and date therein set forth.

Subsequent to the entry of this judgment the petitioner filed a voluntary petition in bankruptcy and on December 16,

1953 was adjudged a bankrupt. During the proceedings in bankruptcy the bankrupt filed a motion for the entry of an injunctive order by the Referee to stay the service of the body execution issued on the judgment. In support of this motion the bankrupt contended that his action in injuring the plaintiff was not wilful or malicious but was merely negligent.

The bankrupt appeared before the Referee and testified in support of his motion. In a lengthy decision the Referee reviewed the testimony of the bankrupt in detail and concluded with a finding that the act of the bankrupt was "intentional, wilful and malicious". His decision contains this further finding: "while he may not have intended to hit the boy in the eye, I am satisfied from his testimony and manner of testifying that it was his intention to strike the boy in some part of the body * * *". The Referee then made the additional finding that the judgment debt is excepted from the operation of any discharge which may be granted to the bankrupt and will not be released by such discharge. The order denying the motion for an injunction was then entered by the Referee.

Under Order No. 47 of the General Orders in Bankruptcy 11 U.S.C.A. following section 53 the scope of the review by a District Court of the findings of fact by a Referee in Bankruptcy is clearly defined and limited. This Order provides that the District Court "shall accept his (a referee's) findings of fact unless clearly erroneous. * * *" Knetzer v. Larkin, 2 Cir., 1949, 178 F.2d 532; Morris Plan Industrial Bank v. Henderson, 2 Cir., 1942, 131 F.2d 975; Brown v. Freedman, 1 Cir., 1942, 125 F.2d 151; McDonald v. First National Bank of Attleboro, 1 Cir., 1934, 70 F.2d 69.

■ The claim of the judgment creditor is a provable debt from which the bankrupt would be released by his discharge in bankruptcy unless it falls within section 17(2) of the Bankruptcy Act, 11 U.S.C.A. § 35(2). If it is for a "willful and malicious" injury to the person of another it falls within the exception of said section and would not be affected by the bankrupt's discharge.

■ A "willful and malicious" injury as used in the Bankruptcy Act does not necessarily involve hatred or ill will as a state of mind, but arises from a wrongful act, done intentionally without just cause or excuse. Tinker v. Colwell, 1904, 193 U.S. 473, 24 S.Ct. 505, 48 L.Ed. 754; Peters v. United States, 7 Cir. 1910, 177 F. 885; In re Wernecke, D.C. W.D.N.Y.1932, 1 F.Supp. 127; United States v. Stinnett, D.C.E.D.Mich.1953, 111 F.Supp. 384.

In Tinker v. Colwell, supra, the Supreme Court in defining the term "wilful and malicious injury" held in 193 U.S. at page 485, 24 S.Ct. at page 508:

> " * * * In order to come within that meaning as a judgment for a willful and malicious injury to person or property, it is not necessary that the cause of action be based upon special malice, so that without it the action could not be maintained." * * *

And further in 193 U.S. at page 487, 24 S.Ct. at page 509:

> " * * * In United States v. Reed, 86 Fed.Rep. 308, it was held that malice consisted in the willful doing of an act which the person doing it knows is liable to injure another, regardless of the consequences; and a malignant spirit or a specific intention to hurt a particular person is not an essential element. Upon that principle, we think a willful disregard of what one knows to be his duty, an act which is against good morals, and wrongful in and of itself, and which necessarily causes injury and is done intentionally, may be said to be done willfully and maliciously, so as to come within the exception. * *"

Similarly in Peters v. United States, supra, the rule is stated in the following manner in 177 F. at page 887:

" * * * 'Willful and malicious injury,' in the bankruptcy act and everywhere in the law, does not necessarily involve hatred or ill will as a state of mind, but arises from 'a wrongful act, done intentionally, without just cause or excuse.' 'In order to come within that meaning as a judgment for a willful and malicious injury to person or property, it is not necessary that the cause of action be based upon special malice, so that without it the action could not be maintained' Tinker v. Colwell, 193 U.S. 473, 485, 24 S. Ct. 505, 508, 48 L.Ed. 754. * *"

In the present case the uncontradicted evidence establishes that the bankrupt deliberately discharged a potentially dangerous weapon in the direction of the judgment creditor not on one but on two occasions as a result of which the latter was seriously injured. On the first occasion he was hidden in a hedge; on the second he was apparently in plain view of the bankrupt and was walking in the street, away from the bankrupt and toward his own home.

The incident occurred a week before Halloween in 1950 and the bankrupt explained his action as being designed to frighten the injured boy and others away from the vicinity of his home.

The Referee who heard and saw the bankrupt found that his act in injuring the judgment creditor was "intentional, wilful and malicious". He further found that "it was his intention to strike the boy in some part of the body."

As hereinbefore pointed out, the findings of fact by the Referee must be accepted by this Court unless they are clearly erroneous. After a careful consideration of the record of the proceedings in the Superior Court of the State of Rhode Island, the evidence produced before the Referee and the arguments and briefs of counsel this Court is of the opinion that the findings of fact of the Referee are not clearly erroneous. On the contrary, they are supported by the evidence. In addition, his conclusions of law are correct. The authorities cited by the bankrupt in support of his contention that the claim involved herein is not for a wilful and malicious injury are clearly distinguishable on the facts thereof.

The action of the bankrupt in discharging the air rifle in the direction of the judgment creditor was wilful and without just cause and was done in clear disregard of the obvious possibility that the latter might be injured thereby. Under such circumstances this Court is of the opinion that the claim of the judgment creditor is a claim for wilful and malicious injury within the exception of section 17(2) even if the bankrupt did not intend as he insists, contrary to the finding of the Referee, to strike him.

Accordingly the petition to review the decision of the Referee in Bankruptcy is denied and dismissed, the decision is affirmed and the stay of execution on the judgment entered in that action at law entitled Edward W. Giguere p. p.a. v. Frederick L. Drowne, alias, is vacated.