First National Bank of Lansing, Illinois, an Illinois Corporation, Plaintiff-Appellant, v. John Padjen, Jr. and Dominick Di Leo, Defendants-Appellees.

Gen. No. 50,207.

First District, Second Division.

June 15, 1965.

Hanley & Land, of Lansing, for appellant.

No brief filed for appellees.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

This action was brought by plaintiff-mortgagee against defendants-mortgagors for the conversion of chattels covered by a chattel mortgage. The defense of discharge in bankruptcy was raised, which was sustained by the trial court. The mortgagee appeals.

On April 7, 1962, defendants executed a chattel mortgage covering restaurant equipment to plaintiff. The

mortgage was duly recorded and covered, among other items, two heat lamps and a glass chiller. Defendants later filed a petition in bankruptcy, individually and in their business capacity, in the United States District Court. A receiver was appointed and plaintiff obtained an order from the federal court directing that the receiver turn over to plaintiff all chattels in his possession which were covered by the chattel mortgage. All of the chattels were turned over except the two heat lamps and the glass chiller; it was at this time that plaintiff first learned that these chattels had been previously disposed of by defendants. It appears that on July 30, 1963, the glass chiller was returned to the seller from whom it had been purchased and $300 credited to defendants' account; when and to whom the two heat lamps were disposed of does not appear of record.

Plaintiff thereupon filed this action in the Circuit Court for damages for the conversion of the chattels. Judgment was rendered in favor of the defendants on the ground that the defendants' act of disposing of the chattels did not constitute a conversion within the meaning of section 17 of the Bankruptcy Act (11 USCA § 35) and consequently was not within those debts of a bankrupt not discharged by bankruptcy. The trial court certified the following question to this court: whether or not the return of the chattel-mortgaged property to the original seller for which money is received by the chattel-mortgagors, without securing the release or consent of the chattel-mortgage holder, is tantamount to willful conversion of property which would not be discharged under section 17 of the Bankruptcy Act (11 USCA § 35). It does not appear that this matter was presented in the bankruptcy court so that the question of res judicata does not arise. Defendants have not filed a brief.

Section 17 of the Bankruptcy Act states:

"(a) A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as . . . (2) are liabilities for . . . willful and malicious injuries to the person or property of another. . . ." (11 USCA § 35.)

The question certified to this court and raised by this appeal is one of first impression in the State of Illinois. Only two other states have passed upon this question: Excel Finance Camp, Inc. v. Tannerhill, 140 So2d 202 (La App, 1962) and Mason v. Sault, 93 Vt 412, 108 Atl 267. (See also 9 Am Jur2d Bankruptcy § 792.)

In the Tannerhill case, the defendant-mortgagor sold furniture which had been the security under the chattel mortgage without consent of the mortgagee. The court stated that "a conversion of property by wrongful sale under a chattel mortgage, to the injury of the holder of the note secured thereby, is a 'wilful and malicious injury to property.' Sabinal Nat. Bank v. Bryant, Tex Com App, 221 SW 940." The court held that such action on the part of the bankrupt mortgagor was not affected by the discharge in bankruptcy, but rather was within the exceptions to discharged debts found in Section 17 of the Bankruptcy Act.

In the Mason case, the sale of the security of the loan by the chattel mortgagor without the consent of the mortgagee was likewise held to be a willful and malicious injury to property within the common meaning of those words and that such debt was not discharged by the mortgagor's bankruptcy.

The United States Supreme Court has held that to deprive another of his property by deliberately disposing of it without semblance of authority is an injury thereto within the common meaning of the words

312

used in the Bankruptcy Act. McIntyre v. Kavanaugh, 242 US 138. Furthermore, the converter need not act with actual malice or ill will, nor with the specific intent to injure a particular person, but only that he act without legal cause or justification. Den Haerynck v. Thompson, 228 F2d 72; In re Drowne, 124 F Supp 842.

■ The Illinois Commercial Code provides that the conversion of the security of a loan by a mortgagor without the assent of the mortgagee will subject the mortgagor to criminal penalties. Ill Rev Stats 1961, chap 26, par 9–306.01. The same was true under the statutes predating the present Code. Ill Rev Stats 1959, chap 95, par 8. The purpose of these criminal penalty provisions is to prevent the disposition of the security by the mortgagor to the injury of the mortgagee. Horwich v. Walker-Gordon Lab. Co., 205 Ill 497, 506, 68 NE 938. (See also People v. Swets, 24 Ill2d 418, 182 NE2d 150, relating to criminal penalties attached to the violation of a trust receipt agreement.) That the mortgagee's interest in the chattel securing a loan is a protectible property cannot be doubted.

■ In the instant case, defendants disposed of the chattels in question without the consent of the plaintiff. In so doing, they deprived plaintiff of property to which it had a right to look in the event that defendants failed to meet the payments on the loan. It would be an absurd result to say that plaintiff, upon defendants' bankruptcy, has a right to those chattels covered by the mortgage which are still in defendants' possession, but has no right to seek the value of those chattels covered by the mortgage wrongfully disposed of, on the grounds that the liability for the wrongful disposition was discharged by the bankruptcy proceedings. We are of the opinion that the unauthorized disposition of the two heat lamps and the glass chiller

constituted a "willful and malicious injury to property" within the meaning of section 17 of the Bankruptcy Act. The question certified to this court by the trial court is answered in the affirmative.

The judgment is reversed and the cause is remanded with directions to enter judgment for plaintiff and against defendants in the amount of $550 and costs.

Judgment reversed and cause remanded with directions.

BRYANT and LYONS, JJ., concur.