LOTTINGER, Judge.
This matter was appealed to this Court by petitioner, Guaranty Bank and Trust Co., and subsequently the said bank filed a motion to remand which was referred to the merits. The defendant is William D. Hill. The. facts disclose that on or about May 13, 1966, the defendant purchased a TD-9 Bulldozer. In connection with this purchase he negotiated a loan from petitioner in which a chattel mortgage on the said bulldozer was given to petitioner to secure the loan. Subsequently, on or about July 26, 1966, defendant purchased a new International Harvester TD-15D Bulldozer in connection with which purchase the TD-9 International Bulldozer was traded in. However, no cancellation or partial release of the chattel mortgage dated May 13, 1966, was received by the defendant. On September 28, 1967, the defendant consolidated his various loans with petitioner into one obligation, which consolidation was negotiated with Fred Compton, Jr., as the representative of petitioner. Mr. Compton was the officer who had negotiated the original loan for the purchase of the TD-9 Bulldozer. Listed on the chattel mortgage to secure the consolidated loan was the TD-9 International Bulldozer which had been traded in, a White Tractor, a 1965 Chevrolet Pick-up Truck, and a Chateau House Trailer. The mortgage was in the principal amount of $13,167.00
Subsequently, partial releases were granted on the 1965 Chevrolet Pick-up Truck, and the House Trailer, against which credits were given, leaving a balance due on the note and chattel mortgage of $9,242.00.
Defendant later moved to the State of Washington and, there being no further payments or anticipated payments made on the said note and mortgage, the present suit was filed on December 4, 1968, and a writ of sequestration was secured to seize the remaining property on the chattel *581 mortgage, same being the TD-9 Bulldozer and the 1955 White Tractor Truck. Defendant filed answer on May 21, 1969, alleging that bankruptcy proceedings had been filed by the defendant on March 3, 1969, and he claimed that the indebtedness upon which this suit was based was discharged in bankruptcy.
Following trial below the Lower Court upheld the contentions of the defendant and judgment was rendered in favor of defendant rejecting petitioner’s demands. A motion for a new trial was denied by the Lower Court, and the petitioner, therefore, took this appeal.
It is now contended in this Court by the petitioner that newly discovered evidence has been found, same being a letter written by the defendant under date of January 5, 1969, in which the defendant still maintained or indicated that he is the owner of the TD-9 Bulldozer, although other evidence discloses that it was traded in on a newer model bulldozer. Based upon this letter, the petitioner maintains that the defendant was guilty of obtaining money by false pretenses or false representations and that, therefore, the obligation upon which this suit is based was not discharged in the bankruptcy proceedings. Accordingly, petitioner filed, in this Court, a motion to remand so that this newly discovered evidence might be considered by the Trial Court.
The petitioner now maintains that the letter dated January 5, 1969, was not and could not have been found until following trial below. This letter was addressed to Mr. Fred Compton, the bank representative who handled the negotiations for the loan to defendant, and, according to petitioner, Mr. Compton died during September of 1969. It was not until after the filing of this appeal that the petitioner discovered that this letter had been addressed to Mr. Compton and, following an extensive search by numerous personnel of the petitioner, the said letter dated January 5, 1969, was finally discovered on May 29, 1970.
It is maintained by the petitioner herein that the letter dated January 5, 1969, would have corroborated certain evidence produced to the effect that the defendant was guilty of fraudulent practices in securing the loan from the bank and giving a chattel mortgage on the TD-9 Bulldozer when he did not in fact own same. Of course, this letter would seem to indicate that at the time of its writing, January 5, 1969, he was claiming, at least insofar as the bank was concerned, the ownership of said bulldozer.
Article 1972 of the Code of Civil Procedure provides for the granting of a new trial where the party had discovered, since the trial, evidence important to the case, which he could not, with due diligence, have obtained before or during the trial. Article 1973 further provides that a new trial may be granted in any case if there is good ground therefor.
A discharge in bankruptcy releases a bankrupt from all of his provable debts, whether allowable in full or in part, except such as “* * * (2) are liabilities for obtaining money or property by false pretenses or false representations, or for obtaining money or property on credit or obtaining an extension or renewal of credit in reliance upon a materially false statement in writing respecting his financial condition made or published or caused to be made or published in any manner whatsoever with intent to deceive, or for willful and malicious injuries to the person or property of another, * * Section 35, Title 11, U.S.C.A.
In Re Drowne, D.C., 124 F.Supp. 842; X-L Finance Company, Inc. v. Olivier, La.App., 198 So.2d 168, held that a willful and malicious injury as used in Clause 2 of Section 35 of the Bankruptcy Act does not necessarily involve hatred or ill will as a state of mind but arises from a wrongful act, done intentionally, without just cause or excuse.
Furthermore, in X-L Finance Company v. Civil, La.App., 200 So.2d 326, the Court *582 held that the State Court has the right to pass upon the dischargeability of a debt by bankruptcy proceedings.
Plaintiff maintains that it would not have made the loan without security and that the action of defendant in obtaining the loan on faith of a chattel mortgage given on property he did not own could not be viewed as anything other than obtaining of money by false representation made with intent to defraud. Hy-Grade Investment Corporation v. Robillard, La.App., 196 So.2d 558.
A large discretion is vested in an appellate court where the record is not in condition to enable the Court to pronounce definitely on the case or where the parties have failed to produce available testimony which might be material to the proper decision. The present tendency is to exercise this discretion where the ends of justice would be best served by remand and by the reception of additional evidence where it appears that either party, or both, may be able to produce further material evidence, regardless of the reason for the omission of the evidence on the first trial. Arkansas-Louisiana Gas Company v. Morehouse Realty Company, La.App., 126 So.2d 830; Whitten v. Travelers Insurance Company, La.App., 141 So.2d 40; Turpin v. Turpin, La.App., 175 So.2d 357.
In our opinion, the ends of justice will be served only if all of the evidence pertaining to the intention of the parties at the time of the transaction are offered to the Court. We believe that the introduction of the letter in question is of the utmost importance to a fair decision herein.
For the reasons hereinabove assigned, the judgment of the Lower Court is hereby reversed, and this matter is hereby remanded to the Lower Court for further proceedings in accordance with the opinion herein given. All costs of this appeal shall be paid by defendant.
Judgment reversed and remanded.