322 So.2d 347 (1975)
David Gladden EMERSON, Jr., Plaintiff-Appellee,
v.
Margaret Sue Seegers Van Ness EMERSON, Defendant-Appellant.
No. 12723.
Court of Appeal of Louisiana, Second Circuit.
November 6, 1975.
Rehearing Denied December 9, 1975.
*348 Gamm, Greenberg & Kaplan by Jack H. Kaplan, Shreveport, for defendant-appellant.
Love, Rigby, Dehan & Love by Samuel P. Love, Jr., Shreveport, for plaintiff-appellee.
Before PRICE, HALL and BURGESS, JJ.
*349 PRICE, Judge.
David Gladden Emerson, Jr., was granted a judgment of separation from defendant, Margaret Sue Seegers Van Ness Emerson, on May 31, 1973. Defendant thereafter filed suit for a partition of the community property and an inventory was subsequently taken and filed on October 22, 1973. Both parties filed motions to traverse the inventory and filed claims against the community. David Emerson also seeks to recover on behalf of the community sums allegedly spent on the separate property of his wife.
Judgment was rendered on February 20, 1975, denying Margaret Emerson's claim for reimbursement for separate funds allegedly used for the benefit of the community. This judgment further ordered her to reimburse the community for the sum of $3,730.31 for monthly mortgage payments made by the community on her separate property. The contested ownership of numerous items of personal property listed in the inventory was also determined by the judgment rendered.
Mrs. Emerson has appealed from the judgment assigning specifications of error on behalf of the trial court, contending the trial court committed the following errors:
1. In denying her claim against the community for the sum of $8,629.55 comprising her separate and paraphernal funds advanced to the community.
2. In requiring her to reimburse the community for mortgage payments made on her separate property while not requiring offsetting compensation for income received therefrom.
3. In not demanding the community to reimburse her separate estate for the value received as a trade-in on an automobile which she owned prior to the marriage in 1965.
4. In finding that a 357 magnum pistol, a Weatherby rifle, a riding lawnmower and a dinner ring were community property.
5. In finding that the proceeds received by Mr. Emerson from the sale of a Kingfisher boat, Evinrude motor and a Moseley trailer was only $425.00 and not $600.00.
6. In finding the sale price of a small quantity of tin and lumber sold to appellant's father for $54.50 should be included in the community inventory.
7. In not adding the value of the barge being built by Mr. Emerson to the community estate.
We shall discuss the issues in the order presented above.

ASSIGNMENT OF ERROR (1)
Immediately after her marriage to David Emerson Margaret Emerson borrowed the sum of $8,629.55 against an insurance policy which she owned prior to the marriage. She opened a joint checking account and deposited $4,629.55 of the loan proceeds in that account. The remainder of the loan she deposited in a savings account opened in the names of both parties. She now claims that the funds were used for the benefit of the community and that she is entitled to re-imbursement. Louisiana Civil Code Article 2391 grants a wife a right against her husband for restitution of her paraphernal property.
In order to obtain restitution she need only prove that her separate property, or the proceeds of a sale thereof, were delivered to her husband and were used for his benefit or for the benefit of the community. Slater v. Culpepper, 233 La. 1071, 99 So.2d 348 (La.1957); Broyles v. Broyles, 215 So.2d 526 (La.App. 1st Cir. 1968). She need not prove that the value of the community *350 has been enhanced by the expenditure of her funds. Broyles v. Broyles, supra.
The trial judge in his reasons for judgment dictated into the record recognized this principle of law to be applicable but found the evidence insufficient to allow recovery by Margaret Emerson. Primarily the court rejected her claim because of the finding that after she deposited these sums in community accounts they lost any separate identity and that without clear and convincing proof being furnished by her of how the monies were spent for the benefit of the community, she cannot be reimbursed. The record shows Margaret Emerson actually made the disbursements from the community accounts rather than her husband. He wrote only a few isolated checks as his wife apparently handled the business affairs during the period they lived together. Margaret Emerson did not produce any invoices, checks or other documentary proof to corroborate her own general testimony as to the expenditures which she claims reimbursement therefor.
In examining the testimony of David Emerson, however, we find an admission by him that the sum of $4,500 of the $8,600 brought into the marriage by his wife had been spent in alterations to the community residence. We find this admission is sufficient corroboration of Margaret Emerson's testimony to allow her reimbursement from the community of this amount. In all other respects the rejection by the trial court of her claim for the balance of the $8,600 was correct.

ASSIGNMENT OF ERROR (2)
Prior to the marriage Margaret Emerson owned a home on Midway Street in Shreveport. The mortgage payments on the home were $53.00 a month and increased to $58.00 during the marriage. After the marriage this home was rented and the rentals ranged from $75 to $95 a month. The rentals were deposited in the community checking account and the mortgage payments were drawn from this account also. The trial court found that Margaret Emerson owed the community $3,730.31 for these monthly mortgage payments made by the community on her separate property. We find no error in this conclusion. Nor can she be allowed any credit for rentals deposited in the community bank account. Under La.Civil Code Article 2386 the rentals are fruits of her paraphernal property that fall into the community of acquets and gains. In a case previously decided by this court, Moore v. Moore, 255 So.2d 193 (La.App. 2nd Cir. 1971) we found that the wife was indebted to the community for the amount paid by the community on a mortgage affecting her separate property and that the wife was not entitled to a credit for rentals received from her separate property.

ASSIGNMENT OF ERROR (3)
Margaret Emerson claims $1,500 as the trade-in value of an automobile she owned prior to her marriage. In brief to this court David Emerson acknowledges his wife is entitled to reimbursement for this amount and the judgment should be modified accordingly.

ASSIGNMENT OF ERROR (4)
Margaret Emerson contends the trial court improperly found that a 357 magnum pistol, a Weatherby rifle, a riding lawnmower and a dinner ring were community property.
The settled rule of law is that all property acquired during the marriage is presumed to fall into the community of acquets and gains. La.Civil Code Articles 2334 and 2402. The burden of proof rests on the party alleging its separate character. This burden is satisfied only when it is proven that the property was acquired and paid for with the separate funds, and that proof must be strict, clear, positive and legally certain. Fleming v. Fleming, 211 *351 La. 860, 30 So.2d 860 (La. 1947); Succession of Hyde, 281 So.2d 136 (La.App. 3rd Cir. 1973). We do not find the evidence sufficient to overcome the presumption of community ownership of these items purchased during the marriage and affirm the trial court's finding that the items are community property.

ASSIGNMENT OF ERROR (5)
Margaret Emerson contends the sale price received by her husband for a boat, motor and trailer was $600 and not $425 as found by the trial court. The purchaser of these items testified at the trial that he paid the sum of $425 for this property. His check in payment was filed in evidence to corroborate his testimony. No evidence to rebut the testimony of the purchaser was offered, and we therefore affirm the trial court's finding that the sale was for $425.

ASSIGNMENT OF ERROR (6)
Margaret Emerson contends that 27 sheets of tin and 41 pieces of lumber supposedly sold to her father for $54.50 were improperly added to the inventory as the items were given by her to her father. H. O. Seegers, father of Mrs. Emerson, testified that he bought the tin and lumber from his daughter, and although his check was offered in payment therefor, it was still being held by him. On the basis of Mr. Seeger's testimony we find the trial court was correct in ordering the $54.50 purchase price of the tin and lumber added to the inventory.

ASSIGNMENT OF ERROR (7)
The last error urged by Margaret Emerson is the court's failure to order the inclusion in the inventory of the community the value of a barge being constructed by her husband. The record shows the barge's construction began after the separation was granted between the parties and subsequent to the dissolution of the community of acquet and gains formerly existing. Therefore, the trial court was correct in rejecting this demand.
In accord with the foregoing, that portion of the judgment appealed from which rejected all claims of Margaret Emerson for reimbursement of sums owed to her separate estate by the community is reversed, and it is now ordered that the separate and paraphernal estate of Margaret Emerson is entitled to be reimbursed by the community of acquets and gains formerly existing for the following sums:
1. The sum of $4,500 as a result of monies advanced to and used by the community from her separate estate during the marriage.
2. The sum of $1,500 as the value of an automobile belonging to her separate estate used as a partial payment on the purchase of another automobile for the community.
In all other respects the judgment appealed from is affirmed.
Costs of this appeal are to be paid equally by the parties.