386 So.2d 1043 (1980)
Betty Jo Busher LENARD
v.
Carroll W. LENARD.
No. 11232.
Court of Appeal of Louisiana, Fourth Circuit.
June 30, 1980.
*1044 Lawrence J. Genin, Marrero, for plaintiff-appellee.
Emile R. St. Pierre, Destrehan, for defendant-appellant.
SAMUEL, Judge.
This appeal arises from a dispute between husband and wife over the separate or community status of two articles of diamond jewelry acquired by the wife during the marriage. After judgment of separation, but before an action for partition of community property, the wife, Betty Jo Busher Lenard, filed a rule to show cause why her husband, Carroll W. Lenard, should not return "personal property" to her. The motion alleged the separate nature of the property but failed to describe with particularity the items sought by her.
Mr. Lenard did not except to the use of summary proceedings,[1] nor did he complain of the motion's vagueness.[2] After an evidentiary hearing on the rule, the trial judge rendered judgment declaring the jewelry to be the wife's "personal property" and ordered it held by the clerk pending Mr. Lenard's appeal.
At issue are two pieces of jewelry, a diamond studded cross[3] and a diamond clover ring. The cross is alleged to be Mrs. Lenard's separate property by gift from a former employer, and the ring is alleged to be hers by gift from her mother.
Mr. Lenard does not dispute that a gift by particular donation to a married woman is her separate property. However, all property acquired during marriage is presumed to be community until proven otherwise.[4] This presumption is strong and must be overcome by clear and positive evidence.[5]
*1045 Mrs. Lenard offered the testimony of her former employer, a dentist, who testified he gave her the cross as a "personal gift" and that it was paid for by him. On direct examination he identified a receipt for the gift and testified he obtained the receipt on June 4, 1973 when the purchase was made. On cross examination he first attempted to maintain the receipt was the one obtained by him at the time he purchased the cross, but upon being pressed he admitted the document was a duplicate made at his request less than a year prior to the hearing. The dentist testified he made the gift to Mrs. Lenard while she was employed by him as a bookkeeper and assistant.
The receipt offered is a carbon copy on a printed form of Aucoin-Hart Jewelry Company, indicating purchase of a diamond cross of 18 carat white gold for $1,200 on June 4, 1973. The dentist testified the duplicate receipt was prepared for him by "Mr. Hart", who, the witness said, recalled the transaction because the cross was a special order item which required their consultation on several occasions over a period of months. We note the duplicate makes two spelling errors in the dentist's name.
Mrs. Lenard's testimony indicates the receipt was obtained by her former employer from "Tommy Aucoin", the other owner of the jewelry store. The duplicate receipt contains the salesman's initials, and while the first initial appears to be a "T", the second could be either an "H" or an "A". Mrs. Lenard also admitted her employer obtained the duplicate receipt at the suggestion of her attorney. She stated she could not find the dentist's original receipt and he went "on his lunch hour" to obtain the duplicate. It was not explained how she knew the person to whom he had spoken and that he went on his lunch hour for the duplicate when she was no longer his employee.
Neither jeweler was subpoenaed or testified at the hearing.[6] Moreover, neither a cancelled check nor other documentary evidence of payment was offered to establish the legitimacy of the duplicate receipt.
Mrs. Lenard could not remember the reason or occasion for the gift from her employer, and she admitted she did not tell her husband about it. She denied purchasing the cross herself with money sent by him from his overseas employment or with money earned by her during the marriage.
Mrs. Lenard also seeks return of a diamond clover ring, which she asserts was a personal gift from her mother. Other than Mrs. Lenard's own self-serving testimony, no evidence was offered to show who purchased the ring; her mother did not testify.[7]
Counsel for Mrs. Lenard attempted to establish Mr. Lenard lied to him and to his own attorney about knowledge of the whereabouts of the jewelry. We know of no legal duty requiring a litigant to voluntarily give truthful information to opposing counsel when not under oath, and private communications between defendant and his attorney could have been excluded from evidence as privileged. Nevertheless, Mr. Lenard testified he had thought his wife took the jewelry with her when she removed other community belongings from the matrimonial domicile, and when he discovered the cross and ring in an unexpected place, he so informed his attorney. He produced the jewelry in court voluntarily without the necessity of a subpoena duces tecum. More important, any misstatement by Mr. Lenard regarding his knowledge of the whereabouts of the jewelry has no bearing on his wife's burden of proving the items were her separate property.
The matter is further clouded by Mr. Lenard's request for a remand based on newly discovered evidence. He attached to his brief in this court a photocopy of a $1,200 check apparently signed by Mrs. Lenard, dated November 22, 1972 and payable to her dentist employer. The amount of the check is the exact amount of the purchase price of the cross, and the date of the *1046 check roughly coincides with the delay the dentist indicated was required to make this special order item. Mr. Lenard also attached his affidavit explaining he did not locate the check in time for trial because of the summary nature of the proceeding and for the same reason he did not timely locate one of his wife's former co-workers who, he asserts, can and will testify Mrs. Lenard stated she purchased the cross herself.
Evidence newly discovered while the matter is on appeal has been held to justify remand in several cases without prior motion in the trial court.[8] And appellate courts may render any judgment which is just, legal, and proper, including remand for a new trial in the interest of justice.[9] The nature of the evidence offered by Mrs. Lenard and the potential effect of the newly discovered evidence claimed by Mr. Lenard requires remand so that all of the facts may be developed by the presentation of all testimonial and real evidence available to each side.
For the foregoing reasons, the judgment appealed from is annulled and set aside, and this matter is remanded to the trial court for further proceedings consistent with law and with the views expressed herein. All costs to date are to be paid by Mrs. Lenard; all future costs are to await a final determination.
ANNULLED, SET ASIDE AND REMANDED.
NOTES
[1] Partition of community property is normally commenced by citation and petition as an ordinary action. C.C.P. Art. 4603. However, by going to trial in the summary proceeding without objection he waived his right to object to the summary proceeding. See C.C.P. Art. 2593, and comment (d) thereto.
[2] Vagueness is likewise waived unless raised timely. C.C.P. Art. 926.
[3] Originally purchased for $1,200 and later appraised at $6,000.
[4] Civil Code Articles 2334 and 2402 (prior to Act 709 of 1979this petition for separation was filed in 1978 and the matter was tried in August, 1979). See also Emerson v. Emerson, La.App., 322 So.2d 347.
[5] R.D.M. Corporation v. Patterson, 255 La. 301, 230 So.2d 820, Fleming v. Fleming, 211 La. 860, 30 So.2d 860; Succession of Hyde, La.App., 281 So.2d 136.
[6] Because of the result reached herein, we do not at this time invoke any adverse presumptions.
[7] See note 6, supra.
[8] Guaranty Bank & Trust Co. v. Hill, La.App., 242 So.2d 580. See also Hilliard v. Shuff, 260 La. 384, 256 So.2d 127.
[9] C.C.P. Art. 2164; Hall v. Arkansas-Louisiana Gas Co., La.App., 359 So.2d 255.