GARRISON, Judge.
This case involves appeals from two separate judgments, one dated December 30, 1982 and the other dated November 5, 1982.
I. Judgment of December SO, 1982
Appellant, Mr. Alvin Eugene, appeals from a judgment granting an increase in child support to his ex-wife, Clara Eugene. The judgment of December 30, 1982 increased the child support owed by Mr. Eugene from $450 per month to $500 per month plus hospitalization insurance for the two minor children. On appeal, Alvin Eugene argues that the granting of the increase constituted an abuse of the trial judge’s discretion alleging that there was no showing of a change in circumstances to justify a modification of the child support judgment of November 18, 1981, which awarded $450 per month to Mrs. Eugene.
The case of Howell v. Howell, 391 So.2d 1304 (La.App. 4th Cir.1980) succinctly states the law applicable to this situation:
“The Louisiana jurisprudence establishes that a consent judgment of alimony is not subject to modification unless a change of circumstances supporting the modification is proved. This rule applies to child support awards as well as alimony awards. The change in circumstances must occur during the period of time between the date of the consent judgment and the date of the rule for modification of the award of child support and *1098 alimony. The party requesting a modification of a support award bears the burden of proving a change in the financial condition of one of the parties. Finally, the jurisprudence clearly establishes the rule that an award of alimony and child support are within the sound discretion of the trial court and will not be disturbed on appeal in the absence of a clear showing of an abuse of discretion.” Howell, p. 1306.
A review of the record indicates that, after hearing the testimony of Mr. and Mrs. Eugene as to their income and expenses, the trial judge believed Mr. Eugene's income to be greater than was indicated by his testimony and, accordingly, ruled that an increase in child support was warranted. In the area of domestic relations, much discretion must be vested in the trial judge, and particularly in evaluating the weight of evidence which is to be resolved primarily on the basis of the credibility of the witnesses. Graff v. Graff 407 So.2d 70 (La.App. 4th Cir.1981). Bettencourt v. Bettencourt, 381 So.2d 538 (La.App. 4th Cir.1980).
In the instant case, the trial judge’s decision was not an abuse of his discretion. Therefore, we affirm the decision of the trial court which awarded an increase in child support to Mrs. Eugene in the amount of $500 per month plus hospitalization insurance for the two minor children.
II. Judgment of November 5, 1982
This is an appeal from a November 5, 1982 judgment ordering the homologation of a community property partition.
On appeal, the appellant, Mr. Eugene alleges that:
1. The trial judge erred in dismissing his opposition to the Notary’s rule to homologate the judicial partition for want of proper procedure;
2. The trial judge erred in homologating the Notary's proces verbal of the judicial partition because plaintiff did not receive three-fourths of the value of his share of property. (This argument is based on the allegedly erroneous inclusion by the Notary of certain equipment and inventory which Mr. Eugene claims to be his separate property);
3.The trial judge erred in not referring to the merits of his petition to address the cause of action of nullity of the judgment stated in his petition.
This case also involves a cross appeal by the appellee, Mrs. Eugene, who is prosecuting this appeal in proper person. Mrs. Eugene appeals the homologation of the community property partition ordered on November 5, 1982. She claims that the partition was unbalanced in her ex-husband's favor due to her claim that one of the pieces of property she received is heavily encumbered while the same is not true of her ex-husband’s share of property. Mrs. Eugene also contends that the appraisal made of one of the items of community property given to Mr. Eugene was unfairly low. The appointed Notary in this case, Mr. Guy Wootan, filed an opposition to this appeal urging that the partitioning of the community, as homologated, remain intact.
We find no merit in any of the specifications of error alleged by Mr. Eugene. However, the errors alleged by Mrs. Eugene in her cross appeal deserve further consideration.
A review of the record indicates that there was evidence offered by Mrs. Eugene at the trial level which did not receive adequate consideration. Mrs. Eugene attempted to introduce evidence of another appraisal of the St. Charles Parish property which was given to Mr. Eugene in the community property partition. In this appraisal, the same property was assigned a much greater value than that assigned by the court-appointed Notary. The trial judge refused to admit this second appraiser's report into evidence due to the fact that the appraiser was not present in court. This report was valuable evidence to Mrs. Eugene’s case and steps should have been taken by the trial judge to secure all evidence which was important to this case. Because Mrs. Eugene is a layperson, we cannot hold her to the same standards of *1099 skill and judgment which must be attributed to an attorney. Connolly v. Connolly, 316 So.2d 167 (La.App. 4th Cir.1975).
Additionally, Mrs. Eugene discovered, subsequent to the homologation of the partition, that the property located in Kenner, Louisiana was encumbered. This property was allotted to Mrs. Eugene in the partition and this encumbrance was not taken into consideration at the time. None of the property allotted to Mr. Eugene was encumbered at the time of the partition. It has been held that evidence newly discovered while the matter is on appeal will justify remand without prior motion in the trial court. Lenard v. Lenard, 386 So.2d 1043 (La.App. 4th Cir.1980). Furthermore, the Louisiana Code of Civil Procedure states that:
“The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal ...” La.C. C.P. Art. 2164.
The nature of the evidence offered by Mrs. Eugene concerning the appraisal of the St. Charles Parish property and the potential effect of the newly discovered evidence claimed by Mrs. Eugene concerning the encumbrance on the Kenner, Louisiana property requires remand so that all of the facts may be developed by the presentation of all testimonial and real evidence available to each side. Lenard, supra, p. 1046.
The record indicates a total lack of cooperation on Mr. Eugene’s part throughout the attempts by the notaries to ascertain the property owned by the community in order to effectuate a partition. As it stands now, the partition gives the uncooperative party a bonanza due to inadequate consideration of the evidence offered by the cooperative party. Therefore, this matter must be remanded for introduction of further evidence because injustice may result from the failure to do so. Emery v. Cabral, 400 So.2d 340 (La.App. 4th Cir.1981).
For the reasons assigned, the judgment appealed from is reversed and set aside and this matter is remanded to the trial court for further proceedings consistent with law and the views expressed herein.
REVERSED AND REMANDED.
GULOTTA, J., concurs.