470 So.2d 234 (1985)
Jo Marie CAMPO, wife of Davis Dupre, Jr.
v.
Davis DUPRE, Jr.
No. CA-2972.
Court of Appeal of Louisiana, Fourth Circuit.
May 8, 1985.
*235 Marcel J. Gueniot, Chalmette, for defendant/appellee.
Paul N. Sens, New Orleans, for plaintiff/appellant.
Before LOBRANO, BYRNES and ARMSTRONG, JJ.
LOBRANO, Judge.
Davis Dupre, Jr., appellee and Jo Marie Camp, appellant were married on August 2, 1980. The parties were judicially separated on June 24, 1982. Shortly thereafter appellee filed suit for partition of the property belonging to the former community of acquets and gains. After a trial on the merits judgment was rendered decreeing (a) the property not in dispute as belonging to the community, (b) a 1977 Grand Prix automobile to be community property worth $1,825.00 and awarding same to appellant, (c) holding that $6,000.00 in cash was community property and ordering the appellant to deliver same to an appointed notary, (d) that certain household items, specifically one stove and one freezer claimed as separate property by appellant were in fact community property and were awarded to the party possessing same. From said judgment appellant has perfected this appeal.
Appellant argues that the trial judge erred in finding that $6,000.00 in cash was community property. Specifically she alleges that the court's decision is based on the testimony of her former counsel, Mr. Glen Diaz. Appellant argues that Mr. Diaz's testimony was inadmissible under Article 2283 of the La.Civil Code pertaining to attorney client privilege.[1]
*236 The record reflects that appellant had originally retained the services of Mr. Glenn Diaz to represent her in this matter. Appellee called Mr. Diaz to testify concerning any information he received from appellant and her mother about certain community cash held by appellant's parents. Diaz invoked the attorney-client privilege, which was initially sustained by the trial court. However, upon reconsideration, the trial judge conducted an in camera hearing, based on the rationale of Eagle Industrial Associates, Inc. v. Universal Oil Corporation, 277 So.2d 720 (La.App.2nd Cir.1973), writ den. 281 So.2d 740 (La.1973). After conducting that hearing, the trial court reversed itself, and ordered that Diaz testify on the record. That testimony reveals that appellant and her mother attempted to have Diaz hold six thousand dollars for them during the pendency of these proceedings. Diaz refused.
We believe the trial court did what was proper. Appellant and her family had adamantly denied the existence of said community cash. By conducting an in camera hearing, the trial court was able to ascertain that a false claim was being perpetuated. Although on a factual basis, we agree with appellant that Eagle Industrial Associates, Inc., supra, and In Re Kohn, 357 So.2d 279 (La.App. 4th Cir.1978) can be distinguished from the instant case. We believe the legal principles asserted in those cases are applicable. It is clear to this court that appellant has denied the existence of those community funds, and in effect was attempting to keep them for herself. We do not believe that the trial court was in error in allowing Diaz's testimony.
Furthermore there is ample evidence in addition to Diaz's testimony to support the trial court's conclusions. The record reflects that appellee, his father, mother, aunt and grandmother all testified that both appellant and appellee had mentioned numerous times the existence of community cash amounting to approximately $7,000.00. The couple had solicited advice on how to invest the money, which they were saving to build a home. Additionally, a disinterested witness, Jules Danton, related a conversation in which Jo Marie Campo admitted to spending one-half of an alleged $7,000.00. Appellant failed to sufficiently rebut this testimony either through cross-examination or through presentation of other available witnesses. In fact her boy friend, who was present at the time the statement was made was also present at the trial, but was not called to testify. Louisiana law is clear that an unexplained failure of a party to call a witness who possesses particular knowledge of material facts pertinent to a resolution of litigation entitles the opposing party to a presumption that the witnesses' testimony would be unfavorable. H.W. Walters v. Coen, 228 La. 931, 84 So.2d 464 (1955); Morgan v. Matlack, Inc., 366 So.2d 1071 (La.App. 1st Cir.1979), writ den. 369 So.2d 1352 (La.1979).
The trial court was obviously influenced by Mr. Danton's credible, uncontradicted testimony, as it noted same in its reasons for judgment. The testimony of an apparently disinterested witness, if credible, is generally entitled to great weight and will not be disturbed on appeal in the absence of manifest error, Monjure v. Argonaut Insurance Companies, 239 So.2d 488 (La.App. 4th Cir.1970).
Appellant further contends that a 1977 Pontiac Grand Prix automobile was her separate property. Her contention is based on the fact that prior to marriage she owned a 1980 Sunbird. Subsequent to her marriage that vehicle was demolished and she and her husband received $4,100.00 from the insurer. These proceeds were placed with other community funds and subsequently the Pontiac was purchased and title placed in the name of Mr. & Mrs. David Dupre, Jr. The trial court found that there was sufficient co-mingling of the insurance proceeds with other community funds so that the resulting joint purchase in *237 the names of both parties indicated an intent that the car be community property.
The Supreme Court in Curtis v. Curtis, 403 So.2d 56 (La.1981) held that where separate and community funds are mixed or co-mingled indiscriminately so that separate funds cannot be identified or differentiated from community funds, all funds are characterized as community funds. Appellant had the burden of overcoming the presumption that the Grand Prix was community. To overcome such a presumption, clear and positive evidence must be presented, Lenard v. Lenard, 386 So.2d 1043 (La.App. 4th Cir.1980). The record is clear that appellant failed to overcome that presumption. We agree with the trial court in this regard.
Lastly appellant contends that the stove and freezer which the court held to be community property were in fact her separate property. The record reflects that these appliances were gifts given during the marriage by appellant's mother. La.C.C. Article 2341 provides that property acquired by a spouse through inheritance or donation remains his separate property. In cases such as the one at bar the intention of the donor is controlling as to the classification of the property. Under cross-examination appellant's mother stated:
"Q. Just answer my question. You expected him to use both the freezer and the stove?
Q. You expected them both to use it?
A. I expected them both to use the sand on the land too."
The reference to the sand refers to a gift of sand made by appellant's mother to be put on appellee's land. It is obvious that the mother gave the freezer, stove and sand jointly to both parties expecting them to benefit from all the gifts and not intending that the items would be solely for the separate use of each party. The court was correct in deciding that these items were not donations to one spouse but were intended to be community household items to be used by both parties.
For the above and foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] At the time of trial, Article 2283 of the La.Civil Code provided in pertinent part:

"No attorney or counsellor at law shall give evidence of any thing that has been confided to him by his client, without the consent of such client;"