505 So.2d 796 (1987)
In re ADOPTION OF JSB.
No. 18489-CAJ.
Court of Appeal of Louisiana, Second Circuit.
April 1, 1987.
Rehearing Denied April 30, 1987.
Writ Denied July 1, 1987.
Plummer, Means & Burgess by Robert E. Burgess, Mansfield, for plaintiff-appellee.
D. Scott Brown, Mansfield, for defendant-appellant.
Before JASPER E. JONES, NORRIS and LINDSAY, JJ.
JASPER E. JONES, Judge.
This is a stepparent adoption proceeding. The petitioner seeks to adopt his wife's child by a prior marriage. The child's biological father, who failed to pay court ordered *797 child support for more than one year, opposed the adoption contending it was not to the best interest of the child. The trial court found the adoption would be to the best interest of the child and granted it. The biological father appeals. We reverse.

The Facts
To preserve the confidentiality of those involved, we shall refer to the petitioner as the appellee and the biological father as the appellant. The mother will be referred to as Mrs. R.
Mrs. R. and appellant were married on October 28, 1979. One child was born of their marriage, a boy, age three. Mrs. R. and appellant legally separated October 14, 1983 and a final divorce was rendered July 5, 1985. The judgment of separation awarded joint custody of the child to Mrs. R. and appellant, with Mrs. R. being designated as the domiciliary parent and appellant was given reasonable visitation privileges. The judgment further ordered appellant to pay child support of $300.00 per month. The judgment of divorce maintained the custody plan ordered in the judgment of separation. There is evidence in the record that the child support was reduced to $150.00 per month.
On August 24, 1985 Mrs. R. married appellee and he commenced this proceeding to adopt the child on February 20, 1986 alleging appellant's consent was not required because of his failure to pay significant child support pursuant to a court order for over one year.
The trial court, in written reasons, found Mrs. R. was granted custody of the child by a court of competent jurisdiction and appellant failed to comply with a court order of support for over one year, without just cause, rendering appellant's consent to the adoption unnecessary. The trial judge noted appellant, in an effort to defeat the adoption, allegedly paid the past due child support by tendering two checks, through his attorney, to the Texas Child Support Enforcement Office. The trial judge further noted Mrs. R. had not received these funds as of the date of trial. The trial court concluded the adoption was in the child's best interest because appellant and Mrs. R. separated shortly before the child's first birthday and appellant spent little time with the child thereafter. The trial judge found appellee had been closely associated with the child since his second birthday and they have lived in the same home since appellee and Mrs. R. were married in August, 1985.
Appellant concedes his consent to the adoption was not required, but contends the trial court erred in finding the adoption was in the child's best interest. He points out the petition for adoption was filed less than six months after appellee and Mrs. R. were married. Appellant contends he exercised his visitation privileges every other weekend until December, 1985 at which time his visitation privileges were denied by the mother and appellee. He avers the evidence at trial establishes a strong father and son relationship with mutual love and respect and the adoption would rupture this relationship to the child's detriment.
Appellee contends he and the child have a loving relationship and appellant has shown very little concern for the child. Appellee argues he supports the child, participates in activities with him and desires to assume full responsibility as the child's father. He contends appellant exercised visitation infrequently and avoided his alimentary obligations. For these reasons, appellee contends the trial judge's finding that the adoption would be in the child's best interest is not clearly wrong.
Although a parent has lost the right for his consent to be required to the adoption of his child under LSA-R.S. 9:422.1,[1] the adoption should only be granted when *798 it is in the best interest of the child. LSA-R.S. 9:432(B);[2]Adoption of Latiolais, 384 So.2d 377 (La.1980); In re EWB Applying for Adoption, 441 So.2d 478 (La.Appl 2d Cir.1983).
Whether an adoption is in the best interest of the child must be decided on the facts of each case and the trial judge is vested with great discretion in making that determination. In re Hinton, 390 So.2d 972 (La.App. 2d Cir.1980); In re BAS Applying for Adoption, 424 So.2d 405 (La.App. 2d Cir.1982). This discretion is not absolute and the trial judge's determination of best interest is subject to reversal if the record reveals manifest error. In re Glass Applying for Adoption, 424 So.2d 383 (La.App. 2d Cir.1982); In re EWB Applying for Adoption, supra.
In a stepparent adoption proceeding, it is not enough to examine the love and home environment provided by the stepparent. It is necessary as well to examine the quality of the relationship between the child and the non-custodial parent and determine whether it would be in the child's best interest to maintain that relationship. In re Glass Applying for Adoption, supra; In re EWB Applying for Adoption, supra.
In the instant case, the trial judge found only scant evidence that appellant spent much time with the child or manifested a great interest in him. Our review of the record establishes that this factual determination is clearly wrong.
Appellant exercised his visitation privileges frequently subsequent to the divorce until he was completely denied visitation in December, 1985 or early in 1986. This is established by appellant's testimony and his mother's testimony. A series of photographs of the child and appellant were introduced into evidence. These photographs were taken at various times between November, 1982 and January, 1986, and corroborate appellant's testimony that he exercised his visitation privileges. We note appellant tendered two checks to the Texas Child Support Enforcement Office in an effort to bring his child support up to date, but Mrs. R. had not received these as of the date of trial. These facts establish a close relationship with mutual love and respect between appellant and the child. This closeness was corroborated by appellant's mother and aunt. We conclude the child's best interest would not be served by severing his relationship with his natural father. At the same time the child will continue to benefit from his relationship with appellee, which is also one of mutual love and respect. The child is entitled to the best of both worlds.
For the foregoing reasons, the judgment of the district court granting the adoption is REVERSED at appellee's cost.
NOTES
[1] LSA-R.S. 9:422.1 provides in pertinent part:

"If the spouse of the petitioner is the legitimate parent of the child or if the petitioner is the grandparent or grandparents of the child, then the consent of the other legitimate parent is not necessary when the spouse of the petitioner, or the grandparent or grandparents, or the mother or the father has been granted custody of the child by a court of competent jurisdiction, and if any one of the following conditions exist:
(1) The other legitimate parent has refused or failed to comply with a court order of support for a period of one year."
[2] LSA-R.S. 9:432 provides in pertinent part:

B. "The court, after hearing and after taking into consideration information from all sources concerning the adoption, may enter a final decree of adoption; or it may deny the adoption. The basic consideration for this decree and all others shall be the best interest of the child."