630 So.2d 281 (1993)
In re Harris Alvin ELLIOTT, Sr. Applying for Adoption of Katherine Leanne Leggett.
No. 93-750.
Court of Appeal of Louisiana, Third Circuit.
December 8, 1993.
Writ Denied March 11, 1994.
Evelyn Margaret Oubre, Lake Charles, for Kathy Ann Leggett and Harris A. Elliott, Sr.
James Leroy Leggett, pro se.
Before DOUCET, YELVERTON and WOODARD, JJ.
DOUCET, Judge.
This appeal concerns the adoption of a stepchild by a stepparent pursuant to La. *282 Ch.C. Art. 1245 (formerly La.R.S. 9:422.1). The natural father appeals the trial court's decision to grant the petition for adoption.
James Leroy Leggett (James) and Kathy Ann Thornbury (Kathy) were married on August 22, 1980 in Calcasieu Parish, Louisiana. On February 13, 1981, they had a child who will be referred to by the pseudonym of Mary for purposes of this opinion. The Leggetts were divorced on April 8, 1986, by judgment of the Fourteenth Judicial District Court for the Parish of Calcasieu. The Leggetts were given joint custody of Mary, with physical custody given to Kathy. James was originally ordered to pay $175.00 per month in child support. Kathy moved to Vernon Parish and on January 4, 1991, she married Harris Alvin Elliott (Harris). On March 12, 1991, Harris filed a petition in Vernon Parish to adopt Mary under the provisions of former La.R.S. 9:422.1. James filed an exception of venue and objected to the adoption.
It is uncontested that James failed to pay child support from September 1987 through October 1991; made child support payments of only $255.00 from October 1991 through April 1993; and was found in contempt in the Calcasieu Parish proceeding. By a judgment signed October 28, 1992, the Fourteenth Judicial District Court terminated James' visitation with Mary finding visitation was contrary to Mary's best interests. That judgment is being appealed under Third Circuit Court of Appeal docket number 93-541 which has been consolidated herewith on appeal.
A hearing on the adoption was held on April 28, 1993. The trial judge granted the adoption giving oral reasons. James appeals in forma pauperis and has filed a pro se brief.
The appellant's brief does not contain assignments of error, citations to the record, or references to law. However, since the appellant is a layman, we will not hold him to the same standards of skill and judgment which must be attributed to an attorney. Eugene v. Eugene, 447 So.2d 1097 (La.App. 4 Cir.1984). For this reason, as well as in the interests of justice, we will consider not only the appellant's arguments with regard to venue, but also whether the trial judge erred in rendering the adoption decree.

VENUE
The appellant argues that the correct venue for this matter is Calcasieu Parish.
La.Ch.C. 1180 (formerly La.R.S. 9:423) provides that:
A. A proceeding for the adoption of a child may be commenced in either:
(1) The juvenile court in the parish of the domicile of the petitioner.
(2) The juvenile court in the parish of the domicile of the custodian of the child.
(3) The juvenile court in the parish in which a voluntary act of surrender has been executed with respect to the child to be adopted.
(4) The juvenile court which previously terminated parental rights of a parent with respect to the child to be adopted.
B. An attorney at law named as representative of the prospective adoptive parent shall not be deemed the legal custodian of the child for purposes of proper jurisdiction or venue.
The appellant argues that Mary, Kathy and Harris are actually domiciled in Calcasieu Parish. However, the evidence adduced at trial indicates that the appellees moved to Vernon Parish in 1991, and continued to live there through the time of trial. Their actions were, as the trial judge noted in his oral reasons for judgment, indicative of intent to establish domicile in Vernon Parish.
Since Vernon Parish is the domicile of the petitioner, Harris, and of the custodian of the child, Kathy, it is the correct venue for the adoption proceeding.

ADOPTION
La.Ch.C. Art. 1245 provides in pertinent part that the consent of a parent to the adoption of a child may be dispensed with:
D. When a parent lawfully exercising actual custody of the child is married to a stepparent petitioner and either of the following conditions exist:
(1) The other parent has refused or failed to comply with a court order of support for a period of one year.

*283 (2) The other parent has refused or failed to visit, communicate, or attempt to communicate with the child without just cause for a period of two years.
Additionally, the adoption must be in the best interest of the child. In re Billeaud, 600 So.2d 863 (La.App. 3 Cir.1992).
In this case, it is uncontested that the appellant has failed to comply with court orders for the support of his child.
Whether an adoption is in the best interest of the child must be decided on the facts of each individual case and the trial court is vested with great discretion in making that determination. In re Adoption of JSB, 505 So.2d 796 (La.App. 2nd Cir.1987), writ denied, 508 So.2d 819 (La. 1987).
Our analysis involves a dual focus on the quality and nature of the relationships between the child and the non-custodial natural parent and between the child and the petitioner/stepparent. This query includes examining the depth and closeness of the child's ties with the non-custodial natural parent and the effect which the loss of this relationship would have on the child as well as examining the love and home environment provided by the petitioner/stepparent. Adoption of Latiolais, [384 So.2d 377 (La.1980)] supra; In re Glass Applying for Adoption, 424 So.2d 383, 388 (La. App. 2nd Cir.1982); In re Hinton, 390 So.2d 972, 976 (La.App. 2nd Cir.1980), writ denied, 396 So.2d 1350 (La.1981).
Louisiana courts have historically been reluctant to sever the parent-child relationship and derogate from the natural rights inherent therein since the jurisprudence recognizes the fundamental belief that a child has a right to know and love his parents and such rights should not be denied except when the parent has proven himself unworthy of this love. Knapp v. Adoption of Cotten, 577 So.2d 241 (La.App. 1st Cir.1991), writ denied, 580 So.2d 364 (La.1991), and cases cited therein.
In re Billeaud, supra, 600 So.2d at p. 866-67.
In the case before us, the evidence of record indicates that the relationship between Mary and her natural father is detrimental to her. While she loves James, his behavior frightens and embarrasses her and undermines her relationship with her mother. The record in this case is replete with evidence of his inappropriate aggressive and threatening behavior. He has continually insisted to the child that her mother is an adultress. Dr. Patricia Post testified as an expert witness in the field of clinical psychology. She has counseled Mary since 1985, when her parents had just separated. She testified that the appellant is unable to put Mary's interests ahead of his own need to get back at his ex-wife, Kathy. He has continually stalked and harassed the child and her mother and stepfather. Dr. Post testified that the child is in a continual state of fear that her father is watching her and of what he may do next. The appellant has attempted to commit suicide and has threatened to kill Mary and himself.
On the other hand, the record reflects that Mary has a good relationship with her stepfather. They enjoy family activities together and have respect for one another. Dr. Post testified that her testing of Harris indicates that he could give Mary structure and set limits without being overly punitive. Dr. Post stated that the adoption would allow for better control of Mary's situation and would give her a greater sense of family. Dr. Post gave the opinion that the adoption is in the best interests of the child.
After carefully considering the record, we find no error in the trial court's determination that adoption by her stepfather is in Mary's best interest.
Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.